**Thomas Jude HENRY, Relator,**

v.

**Honorable Raul RIVERA, Respondent.**

**No. 04–89–00566–CV.**

Court of Appeals of Texas, San Antonio.

Jan. 10, 1990.

Scott T. Cook, Scott T. Cook & Assoc., Corpus Christi, for relator.

Thomas Rocha, Jr., San Antonio, for respondent.

Before CADENA, C.J., and BUTTS and CARR, JJ.

## OPINION

PER CURIAM.

In this original mandamus proceeding we are asked to order respondent, the Honorable Raul Rivera, Judge of the 225th District Court of Bexar County, Texas, to vacate his order declining to exercise jurisdiction in an interstate child custody proceeding. The request will be denied.

Thomas Jude Henry, relator, and Victoria A. Finehout were divorced on October 30, 1987, pursuant to a divorce decree entered in the 225th District Court. Henry and Finehout have two minor children who were conceived in Texas while their parents were residents of this State. The divorce decree appointed Finehout managing conservator of the children. Henry was named possessory conservator and was ordered to pay child support.

In February, 1988, Finehout moved with the children to Utah. They have resided there since that time, except during periods of visitation with their father in Texas. Henry has continued to maintain his residence in Texas, although he now resides in Corpus Christi, Nueces County.

In April, 1989, Finehout filed in Utah a motion to modify Henry's visitation rights, to increase the amount of child support, and to recover delinquent child support payments and unpaid medical expenses. She did not seek a change in custody. Henry filed a motion to dismiss arguing that the Utah court lacked subject matter jurisdiction. The Utah court declined to exercise jurisdiction on the ground that jurisdiction of the matters raised in Finehout's petition remained with the Texas court. Accordingly, on July 19, 1989, the Utah court granted Henry's motion to dismiss.

Henry then filed a motion to modify in the 225th District Court on July 27, 1989, in which he sought appointment as the children's managing conservator. He also filed a motion to transfer continuing jurisdiction to Nueces County. Following service of citation, Finehout responded by filing a special appearance and a plea to the jurisdiction. She argued that Utah has jurisdiction of custody matters by virtue of its status as the home state of the children. On October 20, 1989, Judge Rivera signed an order sustaining Finehout's jurisdictional challenge and dismissing Henry's motions for want of jurisdiction. It is this order Henry seeks to overturn.

Our decision in this case turns on our interpretation of the Uniform Child Custody Jurisdiction Act (UCCJA) as enacted in Texas (TEX.FAM.CODE ANN. §§ 11.51 *et*

*seq.* (Vernon 1986 and Vernon Supp.1989)) and Utah (UTAH CODE ANN. §§ 78–45c–1 *et seq.* (1977 and Supp.1989)).[1]

Henry argues that because the Utah court declined to exercise jurisdiction in the custody proceeding filed by Finehout, jurisdiction is vested in the Texas court by virtue of TEX. 11.53(a)(4)(B). That section provides:

> (a) A court of this state that is competent to decide child custody matters has jurisdiction to make a child custody determination by initial decree or modification decree or order if:
>
> \* \* \* \* \* \*
>
> (4) it is in the best interest of the child that this court assume jurisdiction and:
>
> \* \* \* \* \* \*
>
> (B) another state has declined to exercise jurisdiction on the ground that this state is the more appropriate forum to determine the custody of the child.

We do not agree that the Utah court "declined to exercise jurisdiction" of a child custody matter.

> The Utah court, in its dismissal order, concluded that jurisdiction *of the matters raised by [Finehout's] Petition* remains with the court in the State of Texas and that Utah Code Ann. § 78–45c–14 precludes this court from taking jurisdiction at this time. (Emphasis added).

The relevant paragraph of UTAH § 78–45c–14 reads:

> (1) If a court of another state has made a custody decree, a court of this state shall not modify that decree unless (a) it appears to the court of this state that the court which rendered the decree does not now have jurisdiction under jurisdictional prerequisites substantially in accordance with this act or has declined to assume jurisdiction to modify the decree and (b) the court of this state has jurisdiction.

■ The "matters raised by Finehout's petition," as we have said, were visi-

tation and child support. She did not seek modification of custody. In Texas, an action to modify visitation rights is not equivalent to an action to modify custody. *Hemingway v. Robertson,* 778 S.W.2d 199, 201 (Tex.App.—Houston [1st Dist.] 1989, orig. proceeding); *Hutchings v. Biery,* 723 S.W.2d 347, 349 (Tex.App.—San Antonio 1987, orig. proceeding). "Custody," in Texas, refers to the managing conservatorship of a child. TEX. § 11.52(10). A managing conservator is the child's primary custodian, while a possessory conservator is the person exercising visitation rights. *Compare* TEX.FAM.CODE ANN. § 14.02 (Vernon 1986 and Vernon Supp.1989) *with* §§ 14.03 and 14.04.

■ Henry argues, however, that custody and visitation are treated identically in the Utah UCCJA, and therefore, by declining to hear the motion to modify visitation, the Utah court thereby declined to hear any motions regarding custody. Both versions of the UCCJA broadly define "custody determination" as a "court decision ... providing for the custody of a child, *including visitation rights ...*" (Emphasis added). TEX. § 11.52(2); UTAH § 78–45c–2(2). Thus, even though Finehout did not ask the court to modify custody, she did, by the Act's definition, seek a custody determination.

■ It does not follow, however, that by declining to hear the visitation issue, the Utah court also closed the door to a custody determination concerning these two children who have lived with their mother in Utah for nearly two years. Despite the UCCJA definition, the court simply was not asked to modify custody. It noted that it was declining jurisdiction only of the matters raised in Finehout's petition.

■ Nor are we convinced that Utah treats custody and visitation matters identically. Either may be modified independently. *See* UTAH CODE ANN. § 30–3–5(7)(1989) (petition may be made for modification of child custody *or* visitation).

---

**1.** All citations to the Texas and Utah versions of UCCJA will be preceded by, "TEX.," or "UTAH." Citations to other statutes will be as indicated.

While procedures for modification may be similar, *Becker v. Becker*, 694 P.2d 608, 610 (Utah 1984) (modification of visitation rights requires a procedure similar to that required for modification of custody), clearly they involve different considerations.

 It was entirely proper for the Utah court to defer matters of visitation and support to the decree-issuing court. Even after the custodial parent and children have established a new home state, the Texas court retains power to modify all aspects of its decree except for managing conservatorship of the children. *Hemingway*, 778 S.W.2d at 201; *Hutchings*, 723 S.W.2d at 349; *Heartfield v. Heartfield*, 749 F.2d 1138, 1142 (5th Cir.1985). Under Texas law, absent a written agreement of all parties, a Texas court *must* defer a custody (managing conservatorship) determination to the court of the new home state, unless the motion to modify was filed before the new home state was acquired. TEX. § 11.53(d); *Grimes v. Grimes*, 706 S.W.2d 340, 341 (Tex.App.—San Antonio 1986, writ dism'd); *Soto–Ruphuy v. Yates*, 687 S.W.2d 19, 21 (Tex.App.—San Antonio 1984, orig. proceeding); *Heartfield*, 749 F.2d at 1142. It is undisputed that Utah is the home state of the children in this case. *See* TEX. § 11.52(5); UTAH § 78–45c–2(5). Therefore, the Texas court lacked subject matter jurisdiction of the motion to modify managing conservatorship.[2]

We conclude that the rulings of both courts were correct. The Utah court properly deferred decisions regarding visitation and support to the Texas court, and respondent properly left custody matters to the courts of Utah, the children's home state. We are confident that the Utah court will entertain Henry's motion to modify custody if brought before it.

2. Henry argues that the Texas court was able to adjudicate the custody matter because it had acquired personal jurisdiction over Finehout pursuant to TEX. FAM. CODE ANN. § 11.051(1) and (3) (Vernon 1986). It is settled, however, that a custody determination is a status adjudication not dependent on personal jurisdiction over the parents. Sampson & Tindall, *The*

The petition for writ of mandamus is denied.

*UCCJA Comes to Texas—As Amended, Integrated and Improved*, 46 TEX. B.J. 1096, 1104 (1983). In its initial sentence, § 11.051 states that such subject matter jurisdiction is determined by reference to the UCCJA. It is therefore irrelevant whether personal jurisdiction was acquired over Finehout.