Rhonda **REPPOND**, Relator,

v.

The Honorable Ruth **BLAKE**, Judge, 321st Judicial District Court, Smith County, Texas, Respondent.

No. 12–91–00312–CV.

Court of Appeals of Texas, Tyler.

Jan. 10, 1992.

Kathleen Fields, Tyler, for appellant.

Ric Freeman, Tyler, for appellee.

## PER CURIAM.

This original mandamus proceeding arises out of actions to modify orders in a suit affecting the parent child relationship. Rhonda Reppond, the Relator is the mother of the children. David Dixon is the children's father. Relator and Dixon were divorced by the 321st District Court of Smith County, Texas, in 1988. Relator was named the managing conservator of the two children of the marriage. Shortly after the final decree was entered, Relator and the children moved to Louisiana where they have resided for over three years.

On August 30, 1991, Relator filed a motion to modify in the 321st District Court seeking an increase in child support paid by Dixon and further asking to have Dixon required to maintain health insurance for the children. Thereafter, Dixon filed a cross motion to modify seeking to have the managing conservatorship changed to him. Relator filed a "special appearance" objecting to the jurisdiction of the 321st Court over Dixon's motion to change the custody of the children. The authority cited in that motion was TEX.FAM.CODE ANN. § 11.53 (Vernon 1986), part of the Uniform Child Custody Jurisdiction Act (hereinafter the "UCCJA"). On November 1, 1991, the Re-spondent signed an order denying Relator's request to dismiss the cross motion for want of jurisdiction.

The question presented here is whether the 321st District Court has jurisdiction to entertain and decide the question of custody of the children. The UCCJA (TEX.FAM.CODE § 11.51 et seq.) stipulates that a court of this state has jurisdiction to make a child custody determination if this state is the child's "home state" on the date the proceeding was commenced. TEX. FAM.CODE § 11.53(a)(1)(A) (Vernon 1986). The UCCJA defines "home state" as "the state in which the child immediately preceding the time involved lived with his parents, a parent, or a person acting as parent, for at least six months." TEX.FAM.CODE § 11.-52(5) (Vernon 1986). A custody determination under the UCCJA is "a court decision and court orders and instructions providing for the custody of a child, including visitation rights, but does not include a decision relating to child support or any other monetary obligation of any person." TEX.FAM. CODE § 11.52(2) (Vernon 1986) (emphasis ours). If the child and her custodian have established another home state, a Texas court may not exercise continuing jurisdiction to modify custody unless all parties agree in writing. TEX.FAM.CODE § 11.53(d) (Vernon 1986). Under Texas law, even if a Texas court has continuing, exclusive jurisdiction pursuant to section 11.05(a), it may not exercise its jurisdiction in a case when the child has established a new home state.[1] TEX.FAM.CODE ANN. § 11.05(g) (Vernon 1986); *Henry v. Rivera*, 783 S.W.2d 766, 769 (Tex.App.–San Antonio 1989) (orig. proceeding); *Hemingway v. Robertson,*

---

**1.** For the first time at oral argument before this Court, Dixon raised the idea that the 321st District Court had jurisdiction under the Parental Kidnapping Prevention Act, 28 U.S.C.A. § 1738A (West Supp.1991). The PKPA does provide that "the jurisdiction of a court of a State which has made a child custody determination consistent with the provisions of this section continues as long as the requirement [that such court has jurisdiction under the law of such State] continues to be met and such State remains the residence of the child or of any contestant." 28 U.S.C.A. § 1738A(d). However, pursuant to sec-tion 11.05(g) of our Family Code, once the child establishes a new home state, the continuing jurisdiction of the Texas court making a prior custody determination ceases. The PKPA does not therefore, conflict with the UCCJA as to jurisdiction. *See In Interest of S.A.V.,* 798 S.W.2d 293 (Tex.App.—Amarillo 1990, writ granted) (there the court that had previously made a custody determination was in Minnesota and under Minnesota law the Minnesota court retained jurisdiction even though the child had acquired a new home state).

778 S.W.2d 199, 201 (Tex.App.–Houston [1st Dist.] 1989) (orig. proceeding).

 In this case there is no question that the children and their managing conservator, Relator, have established another "home state", Dixon has expressly conceded as much. They had lived in Louisiana for almost three years at the time the motions to modify were filed. The UCCJA does not apply to the motion to modify filed by Relator. Relator sought only to increase child support in the original decree. However, Dixon's motion triggered the UCCJA provisions. Dixon argues that Relator's invocation of the jurisdiction of the trial court by her motion for an increase in child support, conferred subject matter jurisdiction on that court to make a custody determination.

■ Subject matter jurisdiction can be raised by any party at any time. It is different from personal jurisdiction, a lack of which can be waived by voluntarily invoking the jurisdiction of the court or appearing in a suit.[2] See In Interest of S.A.V., 798 S.W.2d at 299.

The 321st District Court does not have jurisdiction to determine custody of the children, who have established a new home state. Under the UCCJA the only way that Court could obtain jurisdiction to make a custody determination is if all parties agree in writing, and they have not done that at this point. Therefore, under the undisputed facts here, the 321st District Court does not have subject matter jurisdiction over the custody change sought by Dixon. The Court's order denying Relator's motion to dismiss Dixon's motion to modify the conservatorship is void.

The writ of mandamus is conditionally granted. We are confident that Respondent will abide by our decision and will enter an order dismissing Dixon's custody action. Therefore the writ will not issue unless within thirty days, Respondent Judge Blake fails to dismiss Dixon's motion to modify the managing conservatorship of the children herein.

---

2. This question was decided contrary to Dixon's position by the San Antonio Court in *Henry v.*

*Rivera, supra* at 769 n. 2.