**Sherry LITTLE, Appellant**

v.

**Edwin L. McANINCH, Appellee.**

**No. 01–94–00447–CV.**

Court of Appeals of Texas,
Houston (1st Dist.).

Nov. 17, 1994.

Rehearing Overruled Dec. 29, 1994.

John L. Barnes, Houston, for appellant.

Earle S. Lilly and Anne C. Rice, Houston, for appellee.

Before HUTSON–DUNN and ANDELL and PRICE *, JJ.

## OPINION

HUTSON–DUNN, Justice.

This is an appeal from a final decree establishing paternity and child support. In one point of error, appellant, Sherry Little, claims that provisions of the Texas Family Code deprived the trial court of jurisdiction to consider these matters. We affirm the judgment of the trial court.

While residing in Texas with her child, Little filed a paternity suit in the 310th district court of Harris County, Texas, against appellee, Edwin McAninch. Little and the child moved to Santa Fe, Tennessee, on June 8, 1992. Her paternity action was dismissed in August 1992 for want of prosecution.

On January 26, 1993, more than eight months after Little and the child had moved to Tennessee, McAninch filed his own paternity suit in the same district court where Little's suit had been filed. In his suit, McAninch sought temporary visitation orders. In response, Little filed a "motion on special appearance and motion to dismiss" pursuant to TEX.FAM.CODE ANN. § 11.53 (Vernon 1986). In her motion, Little argued that the Texas court did not have jurisdiction over the paternity suit because she and the child had resided in Tennessee for more than six months before the suit was filed. The trial court denied the special appearance and entered a temporary visitation order.

Little filed a petition for writ of mandamus with the Texas Supreme Court claiming that the trial court did not have jurisdiction to enter the temporary visitation order. The court conditionally granted the petition. *Little v. Dagget*, 858 S.W.2d 368, 369 (Tex.1993). The court held that section 11.53 of the Family Code deprived the trial court of jurisdiction over visitation matters since Little and the child resided outside Texas for more than

six months before McAninch filed his paternity suit. *Dagget*, 858 S.W.2d at 369.

Pursuant to the supreme court's holding in *Dagget*, the trial court entered an order vacating its previous temporary visitation order. However, the court denied a plea to the jurisdiction filed by Little and explicitly retained jurisdiction over all matters relating to paternity, legitimation of the child, and child support.

On January 11, 1994, after a bench trial, the trial court signed its final decree and order. In addition to establishing the parent-child relationship between McAninch and the child, the decree contained the following provisions regarding child support obligations: (1) McAninch was ordered to pay monthly payments of $750 to Little; (2) McAninch was ordered to maintain medical and health insurance for the child; and (3) each parent was ordered to pay of 50 percent of all health care expenses incurred on behalf of the child that were not paid by insurance.

In her sole point of error, Little claims that the trial court erred in denying her plea to the jurisdiction since she and the child did not reside in Texas for over six months prior to the filing of McAninch's lawsuit and the court had no continuing jurisdiction. Specifically, she claims that the trial court had no jurisdiction to enter a final decree establishing McAninch's paternity and imposing support obligations upon him as the father.

McAninch argues that we need not address Little's point of error on the merits since she did not timely file a statement of facts. In this case, the trial court filed findings of fact and conclusions of law pursuant to Little's timely request. When findings of fact and conclusions of law are timely requested in a case without a jury, the transcript and statement of facts must be filed in the appellate court within 120 days after the judgment is signed. TEX.R.APP.P. 54(a). The record in the present case indicates that the statement of facts was filed late. When a statement of facts is filed late, this Court cannot consider it unless an extension of time

---

* The Honorable Frank C. Price, former Justice, Court of Appeals, First District of Texas at Hous-ton, sitting by assignment.

is granted. TEX.R.APP.P. 54(a), (c). There is no indication in the record that Little received such an extension. In the absence of a statement of facts, we must conclude that all findings of fact made by the trial court were supported by evidence at trial. *Men's Wearhouse v. Helms,* 682 S.W.2d 429, 430–31 (Tex.App.—Houston [1st Dist.] 1984, writ ref'd n.r.e.), *cert. denied,* 474 U.S. 804, 106 S.Ct. 38, 88 L.Ed.2d 31 (1985). Nevertheless, we need not dismiss Little's appeal on this basis because we are presented with a question of law. If no statement of facts is filed, an appellate court can still consider questions of law. *Caramanian v. Houston Indep. Sch. Dist.,* 829 S.W.2d 814, 816 (Tex. App.—Houston [14th Dist.] 1992, no writ); *Segrest v. Segrest,* 649 S.W.2d 610, 611 (Tex. 1983), *cert. denied,* 464 U.S. 894, 104 S.Ct. 242, 78 L.Ed.2d 232 (1983). Thus, we consider Little's point of error on its merits without reference to the statement of facts.

The establishment of a parent-child relationship and the imposition of child support obligations are included within a "suit affecting the parent-child relationship." TEX.FAM. CODE ANN. § 11.01(5) (Vernon Supp.1994). Section 11.051 provides two methods for acquiring jurisdiction over a nonresident in a suit affecting the parent-child relationship:[1] (1) status or subject matter jurisdiction pursuant TEX.FAM.CODE ANN. §§ 11.52–.53 (Vernon 1986);[2] and (2) personal jurisdiction over a person on whom service of citation is required. However, sections 11.52 and 11.53 of the Family Code proscribe special rules for the acquisition of jurisdiction over a child custody determination. Specifically, section 11.52 provides as follows:

> (2) "Custody determination" means a court decision and court orders and instructions providing for the custody of a child, including visitation rights, *but does not include a decision relating to child support or any other monetary obligation of any person.*

(Emphasis added.) Additionally, section 11.53 states:

> (a) A court of this state that is competent to decide child custody matters *has jurisdiction to make a child custody determination by initial decree* or modification decree or order if:
>
> (1) this state:
>
> (A) is the home state of the child on the date of the commencement of the proceeding; or
>
> (B) had been the child's home state *within six months before the date of the commencement of the proceeding and the child is absent from this state because of his removal or retention by a person claiming his custody or for other reasons, and a parent or person acting as parent continues to live in this state.*

(Emphasis added.)

▮ It is evident from the language of section 11.53 that a party need not comply with its provisions unless pursuing a "child custody determination." Since a "child custody determination" does not include child support, there is no requirement that a party satisfy the requirements of section 11.53 when bringing a suit for child support. *Reppond v. Blake,* 822 S.W.2d 759, 761 (Tex. App.—Tyler 1992, no writ); *Creavin v. Moloney,* 773 S.W.2d 698, 703 (Tex.App.—Corpus Christi 1989, writ denied).

▮ While Little acknowledges that section 11.52 of the Family Code excludes child support matters from the definition of "custody determination," she argues that section 11.051 of the code mandates that subject matter jurisdiction over all suits affecting the

---

1. Specifically, section 11.051 provides the following:

   In a suit affecting the parent child relationship, the court *may* exercise status or subject matter jurisdiction over the suit as provided by Subchapter B of this chapter. The court *may also* exercise personal jurisdiction over a person on whom service of citation is required or over a person's personal representative, although the person is not a resident or domiciliary of this state.

(Emphasis added).

2. Sections 11.52 and 11.53 are part of the Texas enactment of the Uniform Child Custody Jurisdiction Act ("UCCJA"), which is located in subchapter B of chapter 11 of the Family Code. The purpose of the act is to avoid jurisdictional conflicts with the courts of other states. *Dagget,* 858 S.W.2d at 369 n. 3; TEX.FAM.CODE ANN. § 11.51 (Vernon 1986).

parent-child relationship is governed by the six-month rule of section 11.53(a)(1)(B). We disagree. As noted, section 11.051 provides two methods for acquiring jurisdiction over a nonresident in a suit affecting the parent-child relationship. There is no requirement that a court obtain both status and personal jurisdiction before entertaining a suit for child support. *See Creavin*, 773 S.W.2d at 703.

Little additionally argues that, because her paternity suit was dismissed for want of prosecution, the trial court did not have continuing jurisdiction over McAninch's January 1993 paternity suit. The jurisdictional provision in the petition of McAninch's paternity suit states the following:

> No other court has continuing jurisdiction of this suit or the child the subject of this suit. However, there was a prior suit involving this child filed in the 310th Family District Court of Harris County, Texas, under Cause No. 90–62677. That initial suit having been filed by the mother of the child, SHERRY LITTLE. That case was dismissed for want of prosecution on or about August 1, 1992.

Little argues that this paragraph of McAninch's petition demonstrates that he was erroneously relying on the continuous jurisdiction provision of TEX.FAM.CODE ANN. § 11.05(a) (Vernon Supp.1994). That section provides that, in a suit affecting the parent-child relationship, a court retains continuing, exclusive jurisdiction of all parties and matters in connection with the child. However, TEX.FAM.CODE ANN. § 11.05(e) (Vernon 1986) states that a voluntary or involuntary dismissal of a suit affecting the parent-child relationship terminates all jurisdiction of the court. Since Little's paternity suit against McAninch was dismissed for want of prosecution, she contends that McAninch cannot use the continuing jurisdiction provision of section 11.05(a) to circumvent the six-month rule of section 11.53(a)(1)(B) of the Family Code.

■ We agree with Little that McAninch cannot not rely on the continuing jurisdiction provision of section 11.05(a) to argue that the trial court had jurisdiction to enter a final decree establishing his paternity and imposing support obligations upon both parents. However, McAninch's pleadings nowhere indicate that he intended to rely upon this section. It is obvious to us that the references in McAninch's petition to the dismissal of Little's paternity suit were intended to demonstrate that the trial court *did not* have continuing jurisdiction over Little's suit when McAninch filed his own suit.

■ Further, McAninch need not rely on section 11.05(a) because the trial court had personal jurisdiction over all parties to the paternity suit. As noted, there is no requirement that a party satisfy the status or subject matter jurisdiction requirements of sections 11.52 and 11.53 of the Family Code when bringing a suit for child support. *Reppond*, 822 S.W.2d at 761; *Creavin*, 773 S.W.2d at 703. Additionally, it is well-settled by case law that a court may only render a judgment for child support against a person if the court has jurisdiction over that person. *See Kulko v. Superior Court of California*, 436 U.S. 84, 91, 98 S.Ct. 1690, 1696, 56 L.Ed.2d 132 (1978); *In the Interest of S.A.V.*, 837 S.W.2d 80, 83 (Tex.1992); *Creavin*, 773 S.W.2d at 703.

Little has not questioned, either by point of error or in the arguments in her brief, whether the court had personal jurisdiction over the parties to this lawsuit. Thus, we need not address the issue. *See Fort Bend County Drainage Dist. v. Sbrusch*, 818 S.W.2d 392, 395 (Tex.1991); *San Jacinto River Auth. v. Duke*, 783 S.W.2d 209, 209–10 (Tex.1990).

We find that the trial court had jurisdiction over the issues of paternity and child support and overrule appellant's point of error.

The judgment of the trial court is affirmed.