IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT KNOXVILLE
Assigned on Briefs February 25, 2003

## STATE OF TENNESSEE v. MICHAEL SAMMIE BROWN

**Direct Appeal from the Criminal Court for Morgan County**
**No. 8613     James B. Scott, Jr., Judge**

**No. E2002-01035-CCA-R3-CD**
**July 17, 2003**

The defendant, acting pro se at trial, was convicted of retaliation for past action and sentenced to one year of probation. The defendant argues that the evidence is insufficient to sustain his conviction and that he was wrongfully tried for recklessly committing the present offense. Because the indictment alleged that the defendant intentionally committed the instant offense, the defendant argues that there was a fatal variance between the indictment and the proof. The defendant also contends that the trial court wrongfully terminated his cross-examination of the victim and the prosecution made inappropriate comments regarding his religious beliefs during the closing arguments. The defendant argues that the trial court improperly acted in its capacity as a thirteenth juror and failed to correctly charge the jury. We conclude that the evidence is sufficient to sustain the defendant's conviction and that the trial court did not err. The judgment of the trial court is affirmed.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed**

JOHN EVERETT WILLIAMS, J., delivered the opinion of the court, in which JAMES CURWOOD WITT, JR. and ROBERT W. WEDEMEYER, JJ., joined.

Carl W. Eshbaugh, Knoxville, Tennessee, for the appellant, Michael Sammie Brown.

Paul G. Summers, Attorney General and Reporter; Thomas E. Williams, III, Assistant Attorney General; Scott McCluen, District Attorney General; and Frank Harvey, Assistant District Attorney General, for the appellee, State of Tennessee.

## OPINION

The defendant, Michael Sammie Brown, acting pro se at trial, was convicted by a jury of retaliation for past action, a Class E felony. See Tenn. Code Ann. § 39-16-510. On October 15, 2001, the trial court sentenced the defendant to one year in the Tennessee Department of Correction, suspended the sentence, and ordered the defendant to serve one year of probation.

Since 1999, the defendant and his siblings had been involved in the settlement of the estate of their mother, Magrada Davis Brown. Before his mother's estate was settled, the defendant wrote the following letter to the presiding chancellor, Frank Williams:

> I, Michael, the Seven Son of the Almighty God Jehovah, Father to my brother Jesus Christ, Mother Magrada Brown, wife of the Almighty God Jehovah, who created life and the world.
>
> I write this to the order of my Father the Almighty God Jehovah that it be done as, I have written. Every one name or title written here must be in Morgan County Court room, when court room is call to order at 9:30 am E.S.T., on Monday Feb, 22, 1999.
>
> If anyone is not there, they are DIE at 9:31 am no matter who that are. No one can be save, if they are not in that court room. They are Died at 9:31 am. Andrew Hall, Debbie Hill, Vivian Crandall, Governor of the State of Tenn., Attorney General, of the State of Tenn. (Frank Williams, Johnny Dunaway, James Brook. (Andrew Hall give copy James Brook and Debbie Hill.)
>
> The first letter is the topic. The Word, the Almighty God my Father is the Speaker. The Almighty God Jehovah
> Say <u>Amen Be There</u>.

The defendant contends that the trial court erred in refusing to grant his Motion for Acquittal and Motion for New Trial.

**Analysis**

**I. Judgment of Acquittal**

The defendant contends that the trial court erred in denying his Motion for Judgment of Acquittal. The defendant also contends that the trial court erred in not granting the defendant's post-sentencing Motion for Judgment of Acquittal. Specifically, the defendant argues that the trial court erred in finding that the evidence was sufficient to prove the elements of the offense and that the actions of the defendant were "reckless."

**A. Sufficiency of Evidence**

The defendant contends that the evidence is insufficient to prove the elements of the offense of retaliation of past action.

In Tennessee, whether the issue of the sufficiency of the evidence for acquittal purposes is being considered by the trial court upon motion or by an appellate court upon review, the standard

to apply is the same. State v. Adams, 916 S.W.2d 471, 473 (Tenn. Crim. App. 1995). That standard is "whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." Jackson v. Virginia, 443 U.S. 307, 319 99 S. Ct. 2781, 2789 (1979). This court is precluded from reweighing or reconsidering the evidence. This court may not reweigh the evidence, but must presume that the jury has resolved all conflicts in the testimony and drawn all reasonable inferences from the evidence in favor of the State. See State v. Sheffield, 676 S.W.2d 542, 547 (Tenn. 1984); State v. Cabbage, 571 S.W.2d 832, 835 (Tenn. 1978). A jury verdict removes the presumption of innocence and replaces it with one of guilt. State v. Tuggle, 639 S.W.2d 913, 914 (Tenn. 1982). Therefore, the burden of proof rests with the defendant, on appeal, to demonstrate the insufficiency of the convicting evidence. Id.

> A person commits the offense of retaliation for past action who harms or threatens to harm a witness at an official proceeding, judge, district attorney general, an assistant district attorney general, an employee of the district attorney general or a law enforcement officer, clerk, juror or former juror by any unlawful act in retaliation for anything the witness, judge, district attorney general, an assistant district attorney general, an employee of the district attorney general or a law enforcement officer, clerk, or juror did in an official capacity as witness, judge, district attorney general, an assistant district attorney general, an employee of the district attorney general or a law enforcement officer, clerk, or juror. The offense of retaliation for past action shall not apply to an employee of a clerk who harms or threatens to harm such clerk.

Tenn. Code Ann. § 39-16-510(a).

The defendant testified that he and his siblings fought over their mother's estate for almost four years. The defendant perceived that the victim in this case, Frank Williams, had been ineffective in his role as chancellor over his mother's estate. He said he was frustrated because the chancellor could not make a final decision and because "he kept putting it off." He stated that the purpose of his letter was to get everyone together "to solve this problem," and to warn the chancellor of spiritual death. The chancellor testified that he had no reason to believe that there was any sort of immediate danger, but stated that he saw "the potential for violence" from the language of the letter. In the instant case, it is logical for a reasonable person to conclude that the letter was a threat of impending harm and not a warning to seek divine salvation. We conclude that a letter which informs the sender that he will die, if he does not arrive at a time and place, is sufficient to prove an intent to harm or a threat to harm.

The defendant also contends that there exists no past action of the chancellor for which the letter addressed. The record reveals that the defendant's letter referred to the past inaction of the chancellor. We conclude that any of the chancellor's actions, either perceived or real, are sufficient to prove retaliation for past action. Furthermore, because we conclude that the evidence is sufficient to convict the defendant of retaliation for past action, the trial court did not err in denying the defendant's Motion for Acquittal.

**B. Recklessness**

The defendant contends that in approving the jury's verdict, the court specifically ruled that the proof supported the fact that the defendant's actions were "reckless." The defendant contends that the trial court should have granted the defendant's Motion for Judgment of Acquittal for three reasons:

(1) It is impossible for a person to act "in retaliation" recklessly, because retaliation requires an intentional act to get even with someone for past conduct;

(2) The defendant could not have been found guilty of harassment under Tennessee Code Annotated section 39-17-308(a), a lesser included offense to the crime of retaliation for past action, without proof that he intentionally threatened the person in the letter and alarmed the recipient; and

(3) The indictment against the defendant gave notice of the necessary requirement of proof beyond a reasonable doubt of an intention to retaliate against the judge, charging that the defendant did "unlawfully and intentionally threaten to harm Chancellor Frank Williams, a judge, by an unlawful act in retaliation for actions the said Chancellor Williams performed in his official capacity as judge."

In approving the jury's verdict, the trial court ruled that the proof showed that the defendant acted "recklessly." The trial court stated, "As a thirteenth juror, I hereby find that you have recklessly done this, even though you were sincere in doing it." The defendant argues that Tennessee Code Annotated section 39-16-510(a) requires that the perpetrator act intentionally and not recklessly. When the definition of an offense does not specify a culpable mental state then intent, knowledge, or recklessness is sufficient to establish the required mens rea. See Tenn. Code Ann. § 39-11-301(c). Therefore, the trial court did not err in finding the defendant guilty of recklessly committing the crime of retaliation for past action.

The defendant further argues that he could not have been found guilty of harassment, which he contends is a lesser included offense of retaliation for past action, if recklessness is not a required mens rea under Tennessee Code Annotated section 39-16-510. We will not speculate whether the defendant could or could not have been found guilty of harassment by a jury, having acknowledged that the evidence is sufficient to prove him guilty of the instant offense.

**II. New Trial**

The defendant contends that the trial court erred in not granting the defendant's motion for a new trial.

## A. Thirteenth Juror

The defendant contends that the trial court erred by finding the defendant guilty of the present offense, after deciding as the thirteenth juror that the defendant acted recklessly. He contends the trial court erred in not granting him a new trial.

Rule 33(f) of the Tennessee Rules of Criminal Procedure provides that a "trial court may grant a new trial following a verdict of guilty if it disagrees with the jury about the weight of the evidence." The purpose of the thirteenth juror rule is to be a "safeguard . . . against a miscarriage of justice by the jury." State v. Moats, 906 S.W.2d 431,434 (Tenn. 1995)(quoting State v. Johnson, 692 S.W.2d 412, 415 (Tenn. 1985)). The rule requires that the trial judge must be personally satisfied with the verdict. State v. Dankworth, 919 S.W.2d 52, 56 (Tenn. Crim. App. 1995).

An order overruling a motion for new trial establishes a presumption that the trial court has exercised the duty and no explicit statement of the record is required. State v. Carter, 896 S.W.2d 199, 122 (Tenn. 1995). It is only when the trial court disagrees, expresses dissatisfaction with the jury verdict, or states that it absolves itself of its responsibility that the judgment should be set aside. Once the trial court approves the verdict as the thirteenth juror and imposes its judgment, the review of the evidence on appeal is limited, requiring the accrediting of the testimony of the witnesses for the State and the resolution of evidentiary conflicts in favor of the State. State v. Grace, 493 S.W.2d 474, 476 (Tenn. 1973).

As mentioned above, Tennessee Code Annotated section 39-11-301(c) allows for intentional, knowing, or recklessness as the mens rea for any offense which does not specify a culpable mental state. For this reason, we conclude that the trial court did not disagree or express dissatisfaction with the jury's verdict by its statement regarding the mens rea of recklessness. Therefore, this issue is without merit.

## B. Jury Instructions

The defendant contends that the trial court erred in not granting his motion for a new trial because the defendant was charged with a crime that requires specific intent, but was tried on the grounds that he acted recklessly. The defendant argues that the trial court erroneously instructed the jury on the reckless element of the offense of retaliation of past action. However, the defendant failed to include the jury charge in the appellate record. Since the defendant did not include a copy of the jury instructions in the record, the basis of this issue on appeal, we must presume that the trial court did not err in its charge to the jury. See T.R.A.P. 24(b); State v. Boling, 840 S.W.2d 944, 951 (Tenn. Crim. App. 1992). Because the record is explicit that the trial court, acting as the thirteenth juror, found that the defendant acted recklessly, we conclude that even if the trial court used the Tennessee Pattern Jury Instructions, the trial court would have correctly instructed the jury on the mental states of intentional, knowing, or reckless.

## C. Cross-examination

The defendant contends that the trial court erred in not granting his Motion for a New Trial because the trial court wrongfully terminated his cross-examination of Chancellor Williams. The defendant argues that he had the right to confront and cross-examine witnesses under the Sixth and Fourteenth Amendments to the U.S. Constitution and under Article I, Section 9 of the Tennessee Constitution.

A defendant has a constitutional right to confront witnesses; however, "a defendant's right to confrontation does not preclude a trial court from imposing limits upon cross-examination which take into account such factors as harassment, prejudice, issue confrontation, witness safety, or merely repetitive or marginally relevant interrogation." State v. Reid, 882 S.W.2d 423, 430 (Tenn. Crim. App. 1994). "Appellate courts may not disturb limits on cross-examination except when there has been an unreasonable restriction on the right." State v. Fowler, 213 Tenn. 239, 253, 373 S.W.2d 460, 466 (1963).

The trial transcript indicates that the defendant repeatedly refused to ask the victim questions and was admonished by the trial court for testifying on several occasions. The defendant's questioning was problematic, at best. The record is unclear as to how the defendant came to represent himself. The trial transcript does not include a warning from the trial court as to the perils of self-representation; however, the record reveals the defendant was assisted by elbow counsel. Nevertheless, the trial court warned the defendant that he was not allowed to make statements, only to ask questions. The trial judge "is under no obligation to become an 'advocate' for or to assist and guide the pro se layman through the trial thicket." United States v. Pinkey, 548 F.2d 305, 311 (10th Cir. 1977). The pro se defendant must abide by the rules of evidence and procedure, just as if he were represented by counsel. We conclude that the trial court did not err in ending the defendant's cross-examination of the victim.

## D. Indictment

The defendant contends the trial court erred in denying his Motion for New Trial because there is a fatal variance between the indictment and the proof against him.

The indictment in the instant case alleges that the defendant did "unlawfully intentionally threaten to harm Chancellor Frank Williams, a judge by an unlawful act in retaliation for actions the said Chancellor Williams performed in his official capacity as judge in violation of T.C.A. Section 39-16-510 . . ."

> As mentioned previously, Tennessee Code Annotated section 39-16-510 states that, a person commits the offense of retaliation for past action who harms or threatens to harm a witness at an official proceeding, judge, district attorney general, an assistant district attorney general, an employee of the district attorney general or a law enforcement

officer, clerk, juror or former juror by any unlawful act in retaliation for anything the witness, judge, district attorney general, an assistant district attorney general, an employee of the district attorney general or a law enforcement officer, clerk, or juror did in an official capacity as witness, judge, district attorney general, an assistant district attorney general, an employee of the district attorney general or a law enforcement officer, clerk, or juror. The offense of retaliation for past action shall not apply to an employee of a clerk who harms or threatens to harm such clerk.

Tennessee Code Annotated section 39-26-510 does not specify a culpable mental state. When the definition of an offense does not specify a culpable mental state then intent, knowledge, or recklessness is sufficient to establish the required mens rea. See Tenn. Code Ann. § 39-11-301(c).

We agree that there exists a variance between the wording of the indictment, which alleged that the defendant committed the offense "intentionally," and the finding of the trial court that the defendant committed the offense "recklessly." However, our analysis does not stop here. We must examine whether the indictment was constitutionally sufficient in order to determine if the variance was fatal.

A variance between the indictment and proof is fatal if: (1) defendant is insufficiently informed of the charges against him, such that he is unable to prepare adequately for trial; and (2) defendant is not protected against a subsequent prosecution for the same offense. State v. Mayes, 854 S.W.2d 638, 640 (Tenn. 1993)(citing State v. Moss, 662 S.W.2d 590, 592 (Tenn. 1984)).

The Sixth Amendment to the United States Constitution and Article I, section 9 of the Tennessee Constitution afford the accused the right to be informed of the "nature and cause of the accusation." Tennessee Code Annotated section 40-13-202 provides:

The indictment must state the facts constituting the offense in ordinary and concise language, without prolixity or repetition, in such a manner as to enable a person of common understanding to know what is intended, and with that degree of certainty which will enable the court, on conviction, to pronounce the proper judgment; and in no case are such words as "force and arms" or "contrary to the form of the statute" necessary.

It is sufficient to state the offense charged in the words of the statute or words which are equivalent to the wording of the statute. State v. Tate, 912, S.W.2d 785, 789 (Tenn. Crim. App. 1995). An indictment which fails to allege the elements of the offense in the terms of the statute will still be sufficient "if the elements are necessarily implied from the [factual] allegations made." State v. Marshall, 870 S.W.2d 532, 538 (Tenn. Crim. App. 1993). Here, only one of the three requisite mental states was included in the wording of the indictment. The inclusion of "intentionally" in the indictment was surplusage and the citing of any culpable mental states was not actually needed to support a conviction for retaliation for past action. We conclude that the indictment provided adequate notice to the defendant that he was being charged with retaliation for past action, a Class E felony, in violation of Tennessee Code Annotated section 39-16-510.

The indictment more than sufficiently advised the defendant of the crime for which he was charged. Furthermore, the trial transcript clearly reveals that the defendant's counsel was able to adequately prepare for trial. This defendant was amply protected form subsequent prosecution for the same offense. Any alleged variance between the wording of the indictment and the proof at trial was not fatal.

## D. Prosecutor Comments

The defendant contends that the trial court erred in denying his motion for a new trial because of certain comments made by the prosecution concerning his religious beliefs. The defendant refers to the following comments made by the prosecution:

I hope that by my questioning and by what I'm saying now I am not offending any of you. And I don't mean to offend the defendant. His faith is obviously deeply held. But just as someone who chooses to practice civil disobedience, who chooses to break a law, he needs to be prepared to pay the consequences. Is that not why he has to go the hard way?

The defendant argues that the prosecution's comments violated his right to freedom of religion. The record indicates that by the defendant's own admission, he considers himself the Son of God. The defendant made his religious beliefs the central theme of his defense. The defendant testified that he sent the letter to the victim because the victim was not performing his duty as chancellor. The defendant stated that the "authority of the letter" is a prophecy and if the recipients of letters were not present at the Morgan County courtroom at a certain date and time, "they would die, no matter who they were or the like." There is no indication that the defendant's religious beliefs were ever compromised or ridiculed. We conclude it would be practically impossible not to make reference to the defendant's messianic beliefs in a closing argument. This issue is without merit.

## Conclusion

For the aforementioned reasons, we affirm the judgment of the trial court.

_____
JOHN EVERETT WILLIAMS, JUDGE