In The



Court of Appeals



Ninth District of Texas at Beaumont



____________________



NO. 09-07-232 CV


____________________



JOE D. PHILLIPS, Appellant



V.



RACHELL PHILLIPS, RICHARD HARDISON


and PAULETTE HARDISON, Appellees






On Appeal from the 317th District Court 


Jefferson County, Texas


Trial Cause No. C-198,176






MEMORANDUM OPINION


 Appellant, Joe D. Phillips, appeals from the trial court's order granting appellees,
Rachell Phillips and her parents, Richard and Paulette Hardison's, special appearance and
dismissing appellant's petition to modify the parent-child relationship. We conclude that the
trial court erred in dismissing the entire suit based on lack of personal jurisdiction while
failing to first determine whether it had subject-matter jurisdiction to decide Phillips's motion
to modify. We reverse and remand. 

FACTUAL BACKGROUND


 Joe D. Phillips ("Phillips") and Rachell Phillips ("Rachell") were married on
November 1, 1998, in Hinesville, Georgia. They had two children B.P and J.P. A divorce
and custody action was filed in February 2002, in Vernon Parish, Louisiana. On July 10,
2002, the Louisiana Court entered a court order providing for custody and visitation of the
two minor children. The order granted the parties joint custody giving Phillips custody of
the children for 182 days of the year and Rachell custody for 183 days of the year. The order
also granted Rachell the right to relocate the minor children's domicile. The divorce action
was not adjudicated by the Louisiana court.

 On or around January 2003, Rachell took the minor children back to Georgia. The
children lived with Rachell in Georgia from January 2003 until February 2004. By an order
dated February 18, 2004, the children were removed from the home of Rachell by Family and
Children Services and placed in the temporary legal custody of the Georgia Department of
Human Resources. Family and Children Services placed the children with their maternal
grandparents, Richard and Paulette Hardison (the "Hardisons"), who were also living in
Georgia. In June 2005 the children were removed from the Hardisons' home and placed with
Phillips in Nederland, Texas. (1) The children remained in his custody until February 28, 2006. 
 On or around the end of February or the beginning of March, 2006 a hearing was held
in the Juvenile Court of Long Island County, Georgia regarding custody of the children. At
that time Rachell and her parents, the Hardisons, were all living in North Carolina. The
Georgia court transferred physical and legal custody of the children to the Hardisons. In
addition, they were given the right to designate the primary residence of the children. The
court's order, signed on March 6, 2006, adopted the original Louisiana judgment, giving
Phillips visitation for 182 days a year, and Rachell visitation for 183 days a year. The
children were placed with their grandparents in North Carolina on February 28, 2006, and
thereafter remained in their custody pursuant to the Georgia court's final custody order.

 On July 24, 2006, Phillips filed a Motion to Register Foreign Judgment and Motion
to Modify Parent-Child Relationship. Specifically, he sought to modify the Georgia court's
March 6, 2006, order transferring the right to designate the primary residence of the children
to the Hardisons, and sought to modify the terms and conditions of Rachell's access to the
children to restrict her to supervised access as directed by the Hardisons. The Hardisons and
Rachell filed responses to the petition. Specifically, they filed a Special Appearance,
pursuant to rule 120a of the Texas Rules of Civil Procedure, Special Exceptions, an Original
Answer, and a Motion to Dismiss for Forum Non Conveniens.

 On January 19, 2007, a hearing was held on Phillips's Motion to Register Foreign
Judgment and respondents' special appearance in the 317th Judicial District Court in
Jefferson County, Texas. The original custody determination rendered on July 10, 2002, in
Louisiana and the Georgia court's order entered on March 6, 2006, were accepted by the
Texas court and registered as foreign judgments. (2) The trial judge also granted appellees'
special appearance, and dismissed the remaining issues in the case. The court's order was
not entered until May 11, 2007. Phillips filed his notice of appeal on May 16, 2007.

STANDARD OF REVIEW

 When a nonresident respondent challenges personal jurisdiction through a special
appearance, respondent carries the burden of negating all bases of personal jurisdiction. CSR
Ltd. v. Link, 925 S.W.2d 591, 596 (Tex. 1996). Whether a court has personal jurisdiction is
a question of law. Am. Type Culture Collection, Inc. v. Coleman, 83 S.W.3d 801, 805-06
(Tex. 2002) (citing BMC Software v. Marchand, 83 S.W.3d 789 (Tex. 2002)). On appeal,
a trial court's determination to grant a special appearance is subject to a de novo review, but
an appellate court may be called upon to review the trial court's determination of factual
disputes. Id. (citing BMC Software, 83 S.W.3d at 794). When the trial court does not issue
findings of fact, reviewing courts should presume that the trial court resolved all factual
disputes in favor of its judgment. Id. (citing BMC Software, 83 S.W.3d at 795).

SPECIAL APPEARANCE


 When a petitioner seeks child support from another, as petitioner does here in part, a
non-resident respondent may properly challenge personal jurisdiction by filing a special
appearance. See Tex. R. Civ. P. 120a; In re S.A.V., 837 S.W.2d 80, 83 (Tex. 1992). In the
face of a petition seeking to modify a custody determination, however, the normal practice
of a non-resident respondent who wishes to challenge subject-matter jurisdiction is to file a
plea to the jurisdiction. Personal jurisdiction over a respondent is not necessary for a court
to make an initial child-custody determination. Tex. Fam. Code Ann. § 152.201(c) (Vernon
2002). (3) Likewise, personal jurisdiction is not necessary for a court to modify a child-custody
determination. See id. at § 152.203. This legal principle appears, at least initially, to have
been overlooked by both the trial court and the parties. However, on appeal the Hardisons
recognized that "[e]ven without having jurisdiction over the Hardisons . . . the Texas court
might nevertheless have jurisdiction to determine the custody of the minor children under the
UCCJEA . . . ." The Hardisons are correct. Jurisdiction over a custody determination (4) can
be established by demonstrating that the jurisdictional provisions regarding custody
determinations under the Texas Family Code are met. See In re S.A.V., 837 S.W.2d at 84. 
UNIFORM CHILD CUSTODY JURISDICTION AND ENFORCEMENT ACT


 Jurisdiction of a custody determination or modification of a prior custody
determination is predicated upon the Uniform Child Custody Jurisdiction and Enforcement
Act ("UCCJEA"). See Tex. Fam. Code Ann. §§ 152.001-.317 (Vernon 2002 & Supp.
2008).

 The purpose of the UCCJEA is to discourage and eliminate child snatching, to avoid
jurisdictional competition, to avoid continued relitigation of custody decisions, and to
promote cooperation between the states to ensure that a custody decision is rendered in the
state that can better determine the best interest of the child. Id. The statutory prerequisites
for a Texas court to modify a prior custody determination are as follows:

 Except as otherwise provided in Section 152.204, a court of this state
may not modify a child custody determination made by a court of another state
unless a court of this state has jurisdiction to make an initial determination
under Section 152.201(a)(1) or (2) and:


 (1) the court of the other state determines it no longer has
exclusive continuing jurisdiction under Section 152.202 or that a court
of this state would be a more convenient forum under Section 152.207;
or


 (2) a court of this state or a court of the other state determines
that the child, the child's parents, and any person acting as a parent do
not presently reside in the other state.


Id. at § 152.203. It is undisputed that, at the time Phillips filed the custody modification suit,
the children, their mother, and grandparents were all living in North Carolina. Phillips was
living in Texas. Neither the children, the children's parents, nor any person acting as a
parent, were alleged to have been residing in Georgia at the time the custody modification
suit was initiated in Texas. The trial court should have determined whether it had subject
matter jurisdiction pursuant to section 152.203(2) to modify the Georgia court's order.

MOTION TO DISMISS FOR FORUM NONCONVENIENS 


 The Hardisons included a motion to dismiss for forum non conveniens in response to
Phillips's petition. While both parties made arguments regarding the convenience of Texas
as a forum on appeal, the Hardisons conceded that the trial court did not reach this issue. The
Hardisons correctly assert that while section 152.203 grants Texas the power to exercise
jurisdiction when the provisions of that statute are met, it does not require the trial court to
exercise that power. See Tex. Fam. Code Ann. § 152.207(a); see also In re S.L.P., 123
S.W.3d 685, 689 (Tex. App.--Fort Worth 2003, no pet.). In deciding whether to exercise this
right, the UCCJEA gives the trial court discretion to decline jurisdiction if it determines that
Texas is an inconvenient forum. See Tex. Fam. Code Ann. § 152.207. Here the trial court
did not determine whether Texas was an inconvenient forum under section 152.207. Should
the trial court determine it possesses subject-matter jurisdiction to modify the Georgia court's
March 6, 2006, order, it should then rule on the Hardisons' motion to dismiss.

CONCLUSION 


 Because the trial court erred in entering the order dismissing the entire case for lack
of personal jurisdiction we reverse the trial court's order and remand with instructions to
reinstate the case and for further proceedings to determine subject matter jurisdiction over
this matter pursuant to the Uniform Child Custody Jurisdiction and Enforcement Act. See
Tex. Fam. Code Ann. § 152.203.

 REVERSED AND REMANDED. 


 __________________________________

 CHARLES KREGER

 Justice

Submitted on February 7, 2008

Opinion Delivered October 30, 2008


Before Gaultney, Kreger, and Horton, JJ.
1. In August 2005, Rachell filed another divorce action in Haywood County, North
Carolina, where she was living at that time. On October 4, 2005, the North Carolina trial
court entered an order recognizing that the custody issues were previously resolved by the
order entered by the trial court in Vernon Parish, Louisiana. The North Carolina court
adopted the custody determination of the Louisiana court. The order of October 4, 2005, also
formally dissolved the Phillips's marriage. 
2. The October 4, 2005, order rendered in North Carolina adopting the Louisiana court's
original custody determination, was also accepted by the Texas court and registered as a
foreign judgment.
3. See also In re Marriage of Roman, No. 10-06-00023-CV, 2007 WL 1378493, at *2
(Tex. App.--Waco May 9, 2007, no pet.) (memo. op.); Bruneio v. Brunieo, 890 S.W.2d 150,
153 (Tex. App.--Corpus Christi 1994, no writ); Abderholden v. Morizot, 856 S.W.2d 829,
832 (Tex. App.--Austin 1993, no writ); Henry v. Rivera, 783 S.W.2d 766, 769 n.2 (Tex.
App.--San Antonio 1990, orig. proceeding).
4. Chapter 152 of the Texas Family Code, addressing suits affecting the parent-child
relationship, defines "child custody determination" as follows:


 a judgment, decree, or other order of a court providing for legal custody,
physical custody, or visitation with respect to a child. The term includes
permanent, temporary, initial, and modification orders. The term does not
include an order relating to child support or another monetary obligation of an
individual.


Tex. Fam. Code Ann. § 152.102(3). A "child custody proceeding" is defined as "a
proceeding in which legal custody, physical custody, or visitation with respect to a child is
an issue." Id. at § 152.101(4). The orders of the Louisiana and Georgia courts addressing
the physical and legal custody of the children, as well as who shall have the right to designate
the primary residence of the child, and visitation rights of both parents, constitute "custody
determinations" which are subject to the provisions of Chapter 152.