**Sherry LITTLE, Relator,**

v.

**The Honorable Allen J. DAGGETT, Judge of the 310th Judicial District Court of Harris County, Texas, Respondent.**

No. D–3703.

Supreme Court of Texas.

June 23, 1993.

Rehearing Overruled Sept. 10, 1993.

Robert E. Newey, Houston, for relator.

Earle S. Lilly, Houston, for respondent.

PER CURIAM.

The question presented is whether a Texas trial court abused its discretion in ordering temporary visitation in connection with a suit to establish paternity, where the child, the subject of the paternity action, has resided in another state more than six months before the action was brought.

In 1990, while residing in Texas with her child, Sherry Little filed a paternity action in Texas against Edwin McAninch. In June 1992, Little moved with her child to Santa Fe, Tennessee. In August 1992, the paternity action was dismissed for want of prosecution. No further action occurred in that case.

In January 1993, more than six months after Little's move to Tennessee, McAninch brought his own paternity action in Texas and sought temporary visitation orders.[1] In response, Little filed a "Special Appear-

---

**1.** Little filed a paternity action in Tennessee just days after McAninch filed his Texas action. Nothing in the record indicates that Little was aware of the Texas action at the time she filed the Tennessee action.

ance and Motion to Dismiss" pursuant to Texas Family Code Ann. Section 11.53.[2] The trial court overruled the "special appearance" and entered a temporary order regarding visitation.

Section 11.53 of the Texas Family Code states:

(a) A court of this state that is competent to decide child custody matters has jurisdiction to make a child custody determination by initial decree or modification decree or order if:

(1) this state:

(A) is the home state of the child on the date of the commencement of the proceeding; or

(B) had been the child's home state within six months before the date of the commencement of the proceeding and the child is absent from this state because of his removal or retention by a person claiming his custody or for other reasons, and a parent or person acting as parent continues to live in this state;

(2) it appears that *no other state would have jurisdiction under Subdivision (1) of Subsection (a) of this section* and it is in the best interest of the child that a court of this state assume jurisdiction[3] ... (emphasis added).

Under this section, and where a Texas court does not have continuing jurisdiction, Texas courts do not have jurisdiction over visitation matters where the child has resided with a parent in another state for six months. In this case however, a question arises as to whether Little's earlier paternity suit in Texas changes the outcome otherwise mandated by section 11.53. We answer that question no.

 In *Rosser v. Rosser,* 620 S.W.2d 802 (Tex.Civ.App.—Houston [14th Dist.] 1981, writ dism'd), the court of appeals held that when a divorce action was dismissed for want of prosecution without an order being entered on custody or visitation, the court that dismissed the case lacked continuing jurisdiction over custody or visitation matters. We agree that this is a correct statement of the law. The earlier Texas case filed by Little provided no basis to allow the Texas court to retain jurisdiction over visitation matters once that case was dismissed. Consequently, the trial court had no jurisdiction to enter an order on visitation in this case, and therefore, the trial court abused its discretion.[4]

Although rendering the order was an abuse of discretion, we have to decide if mandamus should issue. Ordinarily, mandamus is not an appropriate remedy for errors in subject matter jurisdiction because there is an adequate remedy by appeal. *Bell Helicopter Textron v. Walker,* 787 S.W.2d 954 (Tex.1990). However, in this case, the order granting visitation was a temporary order. Such orders are not appealable. *Dancy v. Daggett,* 815 S.W.2d 548, 549 (Tex.1991).

Pursuant to Rule 122 of the Texas Rules of Appellate Procedure and without hearing oral argument, a majority of this court conditionally grants Relator's petition for writ of mandamus. We are confident that the trial court will vacate the order dated March 19, 1993 and that it will proceed in accordance with this opinion. A writ of mandamus will issue only if it does not.

---

**2.** While denominated a "special appearance," the body of the motion shows that it is more properly a plea to the jurisdiction.

**3.** Section 11.53 is part of the Uniform Child Custody Jurisdiction Act ("UCCJA"), the purpose of which is to avoid jurisdictional conflicts with courts of other states. Tex.Fam.Code Ann. § 11.-51.

**4.** We note there are cases that hold that when a court renders an order covering visitation, it can retain continuing jurisdiction to modify that visitation order even though the UCCJA would

place subject matter jurisdiction in another state. *See Hemingway v. Robertson,* 778 S.W.2d 199 (Tex.App.—Houston [1st Dist.] 1989, no writ) and *Heartfield v. Heartfield,* 749 F.2d 1138 (5th Cir.1985). However, when there is no previous order on the subject matter rendered by the trial court, the UCCJA controls. *See Reppond v. Blake,* 822 S.W.2d 759 (Tex.App.—Tyler 1992, no writ) (an action to adjust support payments does not confer jurisdiction on a court to decide a custody matter in contravention of the UCCJA).