**Shelley Marie HUGHES, Relator,**

v.

**Honorable H.D. BLACK, Judge, 87th District Court, Limestone County, Texas, Respondent.**

**No. 10–93–235–CV.**

Court of Appeals of Texas, Waco.

Oct. 27, 1993.

---

Robert J. Hanley, Neville & Hanley, Waco, Brian Gibson, Groesbeck, John J. Sampson, University of Texas, School of Law, Austin, for relator.

Bobby Reed, Reed & Reed, Groesbeck, Patrick H. Simmons, Cannon and Simmons, Brian L. Gibson, Groesbeck, Matt Dawson, Dawson, Sodd, Moe & Means, Corsicana, for real parties in interest.

Before THOMAS, C.J., and CUMMINGS and VANCE, JJ.

## OPINION ON MOTION FOR LEAVE TO FILE PETITION FOR WRIT OF MANDAMUS

PER CURIAM.

In the Petition for Writ of Mandamus, Relator asks us to order the Respondent to vacate an order dated September 7, 1993, by which the court found "that it has jurisdiction to decide child custody in this matter." The order does not distinguish between temporary and permanent determinations of custody. Personal jurisdiction over Relator is not at issue. Jurisdiction to issue temporary orders is not at issue because Relator does not attack the temporary orders that she apparently agreed to on April 27, 1993.

Jurisdiction to decide custody (subject-matter jurisdiction) is determined by reference to the Uniform Child Custody Jurisdiction Act (UCCJA). TEX.FAM.CODE ANN. §§ 11.51–11.75 (Vernon 1986 & Supp.1992); *Abderholden v. Morizot,* 856 S.W.2d 829, 832 (Tex.App.—Austin, 1993, n.w.h.); *see also Little v. Daggett,* 858 S.W.2d 368, 369 n. 4 (1993). The UCCJA provides, in section 11.-53, that jurisdiction to determine custody is proper under four sets of circumstances. *Id.* § 11.53(a)(1), (2), (3), (4). Three of the four are dependent on a determination of the "home state" of the child in question. *Id.* §§ 11.52(5), 11.53(a)(1), (2), (4). Here, the limited record before us shows that Texas has never become the "home state" of the child; Indiana is the state in which the child last resided with a parent for at least six consecutive months. *See id.* § 11.52(5).

▪ Jurisdiction is not proper here under 11.53(a)(1) because Texas is not the home state of the child and had not been her home state within six months before the date the proceeding was commenced. *See id.* § 11.-53(a)(1). Jurisdiction is not proper under 11.53(a)(2) because another state, Indiana, has jurisdiction under 11.53(a)(1). *See id.* § 11.53(a)(2). Jurisdiction is not proper under 11.53(a)(4) because Indiana would have jurisdiction and has not declined to exercise that jurisdiction. *See id.* § 11.53(a)(4). Jurisdiction is possible under 11.53(a)(3) because that subsection allows a court to assume jurisdiction in the emergency situations specified, even though the child's home state is elsewhere. *See id.* § 11.53(a)(3). Although the limited record does not disclose any emergency circumstances justifying the temporary orders now in place, those orders have not been attacked. Further, jurisdiction to enter temporary emergency orders does not confer jurisdiction to determine custody permanently. *See Abderholden,* 856 S.W.2d at 834.

■ Relator relies primarily on *Little v. Daggett*, a recent per curiam decision of the Supreme Court granting mandamus relief from a *non-appealable temporary* visitation order. *Little*, 858 S.W.2d at 369. Here, as we have noted, Relator does not attack the temporary orders that were entered by agreement [1] before the court made the ruling that she does attack.

We conclude that Relator will have an adequate remedy by appeal for the overruling of her plea to the jurisdiction, should the court make an award of permanent custody. The Supreme Court has "consistently held that [mandamus should not issue] to supervise or correct incidental rulings of a trial judge when there is an adequate remedy by appeal." *Bell Helicopter Textron, Inc. v. Walker*, 787 S.W.2d 954, 955 (Tex.1990); *see also Little*, 858 S.W.2d at 369 (citing *Bell Helicopter Textron* ). This rule was strongly emphasized in *Walker v. Packer*, 827 S.W.2d 833, 840 (Tex.1992) (orig. proceeding). Until the Supreme Court announces a different rule for family-law cases, we are constrained to follow these precedents.

The motion for leave to file is denied.

CUMMINGS, J., dissents.

CUMMINGS, Justice, dissenting.

The majority has denied Relator's Motion for Leave to File Petition for Writ of Mandamus holding that the Relator has an adequate remedy by appeal. I disagree. The writ of mandamus has been available to compel mandatory transfer in suits affecting the parent-child relationship in analogous situations. In *Proffer v. Yates*, 734 S.W.2d 671, 673 (Tex.1987), the Supreme Court granted mandamus relief to compel transfer of venue in a child-support case to a county where the child had resided for over six months. There the court held:

> And remedy by appeal, though available, is frequently inadequate to protect the rights of parents and children to a trial in a particular venue. Parents and children who have a right under the mandatory venue provisions to venue in a particular county should not be forced to go through a trial that is for naught. Justice demands a speedy resolution of child custody and child support issues.

*Id.*

*Proffer* is cited by the Supreme Court in *Bell Helicopter Textron, Inc. v. Walker*, 787 S.W.2d 954, 955 (Tex.1990), as a recognized exception to the general rule relied on by the majority in denying mandamus relief herein. In addition, the Uniform Child Custody Jurisdiction Act lists as its general purposes:

> (1) avoid jurisdictional competition and conflict with courts of other states in matters of child custody that have in the past resulted in the shifting of children from state to state with harmful effects on their well-being;
>
> .      .      .      .      .
>
> (5) deter abductions and other unilateral removals of children undertaken to obtain custody awards;
>
> (6) avoid relitigation of custody decisions of other states in this state insofar as feasible;

TEX.FAM.CODE ANN. § 11.51(a)(1), (5), (6) (Vernon 1986).

I agree with the majority that, based on the record before us, Indiana is the "home state" of the child. I would grant Relator's requested relief because I feel we should expedite the process of getting this matter to the "home state" of the child without requiring the parties and the *child* to endure shifting the *child* back and forth during the appellate process. *See id.* § 11.74. I do not think it should be a determining factor that Relator attacks the order in which the court found it had jurisdiction to decide child custody in this matter instead of attacking the agreed temporary custody order, because the court's assumption of jurisdiction underlies

---

1. We recognize that subject-matter jurisdiction, being a fundamental stricture on the power of the court, cannot be conferred by agreement

where none exists. *See Abderholden*, 856 S.W.2d at 832.

its approval of the agreed temporary order of April 27.

Because I feel the UCCJA mandates that we avoid lengthy appeals in matters such as this, I would grant the Petition for Writ of Mandamus and suggest the expeditious resolution of the child custody matter in the child's "home state".