### In re Sandra Sumptor HAMRICK, Relator.

### No. 14–98–00695–CV.

Court of Appeals of Texas, Houston (14th Dist.).

Nov. 16, 1998.

---

Donn C. Fullenwelder, Houston, for relator.

Timothy Gavrel, Ellen E. Grimes, Mary Heafner, Houston, for respondents.

Before Justices ANDERSON, EDELMAN and SEARS.*

* Senior Justice Ross A. Sears sitting by assignment.

1. "Custody" means managing conservatorship of a child. *See* TEX. FAM.CODE ANN. § 152.002(2) (Vernon 1996). Therefore "custody" and "managing conservatorship" will be used interchangeably in this opinion.

2. The appendix to relator's petition includes a copy of the agreed order which is signed by the

## OPINION

EDELMAN, Justice.

Sandra Sumptor Hamrick seeks a writ of mandamus directing the trial court to dismiss Robert Clayton Swanson's motion to modify conservatorship for lack of subject matter jurisdiction. We deny mandamus relief.

## Background

Hamrick and Swanson were divorced in 1995. Their divorce decree awarded Hamrick sole managing conservatorship of the couple's then four year old daughter, Candace Elizabeth Swanson. In March of 1997, Swanson filed a motion seeking custody[1] of Candace.

In April of 1997, the parties agreed to a modification of the divorce decree with respect to various matters and signed an agreed order (the "agreed order") specifying those modifications in temporary orders.[2] Among other things, the agreed order recites that all matters pending before the court had been resolved by agreement. On October 24, 1997, Swanson filed an amended petition to modify custody. In successive motions in March and June of 1998, respectively, Hamrick moved to dismiss Swanson's motion to modify custody, first on the ground of inconvenient forum and then for lack of subject matter jurisdiction. The challenge to subject matter jurisdiction was based on the contention that New Hampshire had become Candace's home state.

At a hearing on June 4, 1998, the trial court denied both motions to dismiss in open court. However, our record reflects only a written order denying the motion to dismiss for inconvenient forum but no order denying the motion to dismiss for lack of subject matter jurisdiction.[3] On June 16, 1998,

parties and their attorneys but not the trial court judge. However, neither party disputes that the judge signed the order.

3. A petition for a writ of mandamus must generally be accompanied by an appendix containing, among other things, a certified sworn copy of any order or other document showing the matter complained of. *See* TEX. R. APP. P. 52.3(j)(1)(A). However, because the trial court's denial of the motion is reflected in the reporter's record and

Hamrick filed this petition for writ of mandamus and a motion to abate the underlying proceedings. On June 26, 1998, we stayed the underlying proceedings pending determination of Hamrick's mandamus petition.

### Adequate Remedy by Appeal

■ Mandamus is an extraordinary remedy available only where a trial court clearly abuses its discretion and when there is no other adequate remedy on appeal. *See In re Ford Motor Co.*, 41 Tex. Sup.Ct. J. 1283, 1285 (July 14, 1998). Ordinarily, mandamus is not an appropriate remedy for errors in subject matter jurisdiction because there is an adequate remedy by appeal. *See Little v. Daggett*, 858 S.W.2d 368, 369 (Tex.1993). However, a remedy by appeal is frequently inadequate to protect the rights of parents and children to a trial in the proper venue, and justice demands a speedy resolution of the child custody and support issues. *See Proffer v. Yates*, 734 S.W.2d 671, 673 (Tex. 1987). If a remedy by appeal is inadequate to protect the rights of parents and children to a trial in the proper venue, it is seemingly also inadequate to protect their rights to trial in a court having subject matter jurisdiction. However, because we find no abuse of discretion by the trial court, as discussed below, we need not decide whether there is an adequate remedy by appeal in this case.

### Subject Matter Jurisdiction

■ Except on written agreement of all the parties, a court may not exercise its continuing jurisdiction to modify child custody if the child and the party with custody have established another home state unless the action to modify was filed before the new home state was acquired. *See* TEX. FAM. CODE ANN. § 152.003(d) (Vernon 1996). For this purpose, (1) "custody" means managing conservatorship of a child; and (2) "home state" means the state in which the child lived with the child's parents, a parent, or a person acting as parent for at least six con-

secutive months preceding the time involved. *See id.* § 152.002(2), (6).

In this case, although Swanson filed an original motion to modify conservatorship in March of 1997, the agreed order listed that motion as a matter pending before the court and stated that all pending matters before the court had been resolved. Because the original motion to modify conservatorship was therefore no longer pending before the court, the time at which "the action to modify was filed" for purposes of section 152.003(d) was October 24, 1997, the date of filing the amended petition to modify managing conservatorship.[4]

To establish a new home state for the requisite six months preceding October 24, 1997, Hamrick needed to prove that Candace had moved by April 24, 1997. *See id.* §§ 152.002(6), 152.003(a)(1). In her verified mandamus petition, Hamrick asserts that she moved Candace to New Hampshire on July 10, 1996, and thus established a new home state there by January 10, 1997. However, the motion to modify visitation that Hamrick filed on August 27, 1996, states that she still resided in Harris County, Texas. These contradictory statements in the record create a fact issue, the trial court's determination of which may not be disturbed on mandamus review. *See Mendoza v. Eighth Court of Appeals*, 917 S.W.2d 787, 789 (Tex.1996).

Even if New Hampshire had been established as Candace's home state by the time Swanson's action to modify was filed, Swanson asserts that the agreed order constitutes a written agreement of the parties to allow the Texas court to exercise its continuing jurisdiction to modify custody within the meaning of section 152.003(d). Although the agreed order does not itself modify custody, it lists Swanson's motion to modify custody as a pending matter, states that all such pending matters have been resolved by agreement, and orders that all relief requested and not expressly granted is denied. The

---

because we have allowed this mandamus proceeding to progress beyond briefing and oral argument without requiring a copy of the written order denying the motion to dismiss for lack of subject matter jurisdiction, we will proceed to address the matter on the merits.

4. However, as reflected in the discussion to follow, the disposition would not differ if the date of filing the original motion to modify had been controlling.

order also contains (i) an express finding that it has jurisdiction of the cause, and (ii) a provision enjoining the parties from "instituting any action in any other county, state or nation attempting to obtain temporary or permanent orders concerning the conservatorship, possession or access, *custody* or support of the child ... including but not limited to modification proceeding ...." (emphasis added).[5] In that the agreed order (a) reflects that the trial court had jurisdiction over the case and (b) affirmatively exercises jurisdiction over custody by enjoining a custody modification from being brought in any other county or state, the agreed order constitutes a written agreement conferring jurisdiction on the trial court within the meaning of section 152.003(d). Because Hamrick's petition has therefore demonstrated no abuse of discretion by the trial court in denying Hamrick's motion to dismiss, we deny mandamus relief.

---

**5.** During oral argument, counsel for each side acknowledged that this temporary injunction provision had been extended and remained in effect.