TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN





ON MOTION FOR REHEARING








NO. 03-04-00215-CV







In re Victor and Candy Gonzales








ORIGINAL PROCEEDING FROM TRAVIS COUNTY





M E M O R A N D U M O P I N I O N




 Victor and Candy Gonzales have filed motions for rehearing of this Court's denial
of their petition for writ of mandamus and request for temporary relief.

 In the trial court, the Gonzaleses oppose the petition by Rosarita and Catarino Rico,
the real parties in interest below, to be named the managing conservators of the Gonzaleses' natural
child. By petition for writ of mandamus, the Gonzaleses asked this Court to order the district court
to dismiss the Ricos' suit based on the Ricos' lack of standing. The Gonzaleses also sought an
emergency stay and the vacation of the district court's temporary order that the Gonzaleses permit
visitation between their child and the Ricos pending further proceedings. Finding that the
Gonzaleses have adequate remedies at law both in the trial court and by way of direct appeal, we
denied both the petition for writ of mandamus and the request for temporary relief.

 The Gonzaleses have filed a motion for rehearing of both their petition and their
motion for emergency relief. They contend that, in the context of a suit affecting the parent-child
relationship, a remedy by appeal from a jurisdictional error is inadequate because of the toll exacted
on the family. See Proffer v. Yates, 734 S.W.2d 671, 673 (Tex. 1987); see also In re Hamrick, 979
S.W.2d 851, 853 (Tex. App.--Houston [14th Dist.] 1998, orig. proc.). They also note that there is
no remedy by appeal from a temporary order. See Little v. Daggett, 858 S.W.2d 368, 369 (Tex.
1993); In re Vernor, 94 S.W.3d 201, 203-04 (Tex. App.--Austin 2002, orig. proc.). They argue that
the Ricos lack standing, that the trial court lacks jurisdiction, and that trial court's orders are void. 
With their motions, they submit affidavits from Candy Gonzales and a physician who examined the
child.

 We conclude that the Gonzaleses have not shown themselves entitled to an emergency
stay of the temporary visitation order. We have reviewed the affidavits attached to the Gonzaleses'
motion and, although some of the allegations raise concerns, we find that none of them compels
action at the appellate level in an ex parte proceeding--particularly when there is no indication that
the trial court has had the opportunity to assess the allegations either ex parte or in the context of an
adversarial proceeding. Trial courts generally are much better positioned to make factual
determinations by balancing competing testimony and evidence to determine the best interest of the
child.

 Neither does this record compel us to grant the petition for writ of mandamus. In
addition to their appellate remedies, the record indicates that the trial court may, after hearing
evidence, decide to dismiss the case. Notwithstanding the Gonzaleses' assertion that a trial-court
judge indicated orally that "no judge in Travis County would be willing to follow the law," the order
denying the motion to dismiss (signed by a different trial-court judge) expressly limits its scope to
the motion to dismiss "as a matter of law," deferring determination of all factual issues until the
hearing on the merits.

 We overrule the motions for rehearing of the petition and the motion for emergency
relief.



 

 Mack Kidd, Justice

Before Justices Kidd, B. A. Smith, and Pemberton

Filed: May 6, 2004