OPINION


No. 04-05-00451-CV

IN RE David LEVAY

Original Mandamus Proceeding



 
Opinion by:    Karen Angelini, Justice
Dissenting opinion by: Sandee Bryan Marion, Justice 
 
Sitting:            Catherine Stone, Justice
Karen Angelini, Justice
Sandee Bryan Marion, Justice
 
Delivered and Filed:   August 10, 2005

PETITION FOR WRIT OF MANDAMUS CONDITIONALLY GRANTED
            Relator David Levay seeks a writ of mandamus ordering the trial court to vacate its
temporary orders of June 28, 2005. Because we conclude that the trial court abused its discretion in
entering temporary orders that had the effect of changing the designation of the person who has the
exclusive right to designate the primary residence of the child, we conditionally grant Levay’s
petition.
Background
            The underlying family law proceeding arises from a suit for modification and bill of review
filed by Tabitha Dennis concerning visitation and custody of her daughter, P.C.L. Under a final
order, David Levay, P.C.L.’s father, was designated as the person who has the exclusive right to
designate the primary residence of P.C.L., and Dennis’s visitation with P.C.L. was ordered to be
supervised.


 Dennis had little contact with P.C.L. for four years, but has now filed a bill of review
and suit for modification. On June 28, 2005, the trial court entered temporary orders in this case.
Finding that outside resources were necessary to facilitate visitation between P.C.L. and Dennis, the
trial court ordered P.C.L. to be admitted to the Rachel Foundation, a residential facility located in
Kerrville, Texas, for an indefinite period of time “at the discretion of the Rachel Foundation.” The
trial court also ordered that Dennis would have temporary care and control of P.C.L. while P.C.L.
is participating in the program at the Rachel Foundation and that all periods of possession shall be
determined by the Rachel Foundation. Levay seeks mandamus relief from this order, arguing that
the trial court abused its discretion. 
Standard for Mandamus Relief
            Mandamus will lie only to correct a clear abuse of discretion. Walker v. Packer, 827 S.W.2d
833, 840 (Tex. 1992) (orig. proceeding). A clear abuse of discretion occurs when a court issues a
decision which is without basis or guiding principles of law. Johnson v. Fourth Court of Appeals,
700 S.W.2d 916, 917 (Tex. 1985) (orig. proceeding). Moreover, there must be no other adequate
remedy at law. Walker, 827 S.W.2d at 840. Mandamus is intended to be an extraordinary remedy,
available only in limited circumstances. A writ of mandamus will issue “only in situations involving
manifest and urgent necessity and not for grievances that may be addressed by other remedies.”
Holloway v. Fifth Court of Appeals, 767 S.W.2d 680, 684 (Tex. 1989) (orig. proceeding).
            Here, because the trial court’s temporary orders are not appealable, mandamus is an
appropriate means to challenge them. See, e.g., Little v. Daggett, 858 S.W.2d 368, 369 (Tex. 1993)
(orig. proceeding) (holding that mandamus is appropriate remedy because temporary order granting
visitation is not appealable); Dancy v. Daggett, 815 S.W.2d 548, 549 (Tex. 1991) (orig. proceeding)
(holding that mandamus is an appropriate remedy because “the trial court’s issuance of temporary
orders is not subject to interlocutory appeal”); In re Garza, 153 S.W.3d 97, 100 (Tex. App.—San
Antonio 2004, orig. proceeding) (holding that mandamus is appropriate to challenge temporary
orders); In re Ostrofsky, 112 S.W.3d 925, 928 (Tex. App.—Houston [14 Dist.] 2003, orig.
proceeding) (holding that because temporary orders, entered while a motion to modify in a suit
affecting the parent-child relationship is pending, are not subject to interlocutory appeal, mandamus
is an appropriate means to challenge these orders); In re Lemons, 47 S.W.3d 202, 203-04 (Tex.
App.—Beaumont 2001, orig. proceeding) (same). We must, therefore, consider whether the trial
court committed a clear abuse of discretion in entering its temporary orders. 
Discussion
            Although section 156.006 of the Texas Family Code allows a trial court to enter temporary
orders in a suit for modification, it limits when a trial court can change the designation of the person
who has the exclusive right to designate the primary residence of the child:
            (a)       Except as provided by Subsection (b), the court may render a
temporary order in a suit for modification.
 
            (b)       While a suit for modification is pending, the court may not render a
temporary order that has the effect of changing the designation of the
person who has the exclusive right to designate the primary residence
of the child under the final order unless:
 
                        (1)       the order is necessary because the child’s present
living environment may endanger the child’s physical
health or significantly impair the child’s emotional
development; . . .

Tex. Fam. Code Ann. § 156.006 (Vernon Supp. 2004-05) (emphasis added).
            The Fourteenth Court of Appeals has granted mandamus relief when a trial court entered
temporary orders with the effect of changing the person with the exclusive right to designate the
primary residence of the child. In In re Ostrofsky, 112 S.W.3d 925, 926 (Tex. App.—Houston [14th
Dist.] 2003, orig. proceeding), pursuant to a final divorce decree, the mother of the children had been
designated as the person with the exclusive right to determine the children’s primary residence. Six
months after the final order was entered, the mother filed a petition to modify the order, seeking
temporary orders prohibiting the father from contacting her and requesting a temporary restraining
order and temporary injunction. Id. In response, the father filed a counter-petition in which he
requested that the court modify his periods of possession and the parties’ rights and duties. Id. at 927.
            In its temporary orders, the trial court ordered that until the parties had undergone a full
psychological evaluation, it was not in the best interest of the children to live with either parent. Id.
Thus, the trial court ordered that the children “shall attend a boarding school commencing with the
2003-2004 academic semester and shall remain in that boarding school or any subsequent school
approved by this court until further order of the court.” Id. at 929. The Fourteenth Court of Appeals
emphasized that because the order required the children to leave the mother’s residence and live at
boarding school, it deprived the mother “of any discretion inherent in the right to determine the
children’s primary residence.” Id. As such, the court of appeals held that the temporary order
effectively deprived the mother of the right to determine the children’s primary residence. Id. 
            The court then turned to whether there was any evidence that the order was necessary because
the children’s present living environment may endanger the children’s physical health or
significantly impair the children’s emotional development.


 See Tex. Fam. Code Ann. § 156.006
(b)(1) (Vernon Supp. 2004-05). The court held that because there was no evidence of specific acts
or omissions by the mother that would support a finding by the trial court under subsection (b)(1),
the trial court abused its discretion in entering the temporary orders. In re Ostrofsky, 112 S.W.3d at
932. As such, the court of appeals conditionally granted the petition for writ of mandamus. Id.
            Like in In re Ostrofsky, the trial court here has effectively deprived Levay of the right to
determine P.C.L.’s primary residence. The trial court has ordered P.C.L. to be admitted to the Rachel
Foundation, a residential facility, for an indefinite period at the sole discretion of the Rachel
Foundation and has given Dennis temporary care and custody of P.C.L. for that indefinite period of
time that P.C.L. remains at the Rachel Foundation. And, according to the order, the Rachel
Foundation is to establish all periods of possession. Further, the trial court ordered Dennis and Levay
to comply with the Rachel Foundation’s “Program Admission Protocols.” Under these protocols, the
Rachel Foundation “does not possess the resources to inform all attorneys and involved parties at
all times.” Thus, it requests that “one agency or person be designated for liaison purposes or that [it]
be authorized to communicate directly with the Court.” Additionally, the “security” section of these
protocols provides in part that “[t]he whereabouts of participants may, at times, be known only to
[the Rachel Foundation] and to the Court, its designated representative or responsible agency.”


 At
the hearing, Pamela Hoch, program director of the Rachel Foundation, testified that the program at
the Rachel Foundation depends on participation of the individual. According to Hoch, Dennis and
P.C.L. would be admitted to the Rachel Foundation and the visit would be “open-ended” until “such
times as hopefully the relationship [between Dennis and P.C.L.] is normalized.” Thus, in essence,
the trial court has given the Rachel Foundation the sole discretion to determine where P.C.L. will
live and who she will see for an indefinite period of time. Even periods of possession will be at the
Rachel Foundation’s sole discretion. 
            Like in In re Ostrofsky, by giving the Rachel Foundation sole discretion to determine where
P.C.L. will live and by failing to limit the period of time for the exercise of such discretion, the trial
court has rendered a temporary order that has the effect of changing the designation of the person
who has the exclusive right to designate the primary residence of the child under the final order.
Further, there is no evidence that P.C.L.’s present living environment with Levay endangered her
physical health or significantly impaired her emotional development. As such, the trial court has
abused its discretion by rendering a temporary order in violation of section 156.006.


 
Conclusion
            Because the temporary orders of the trial court have the effect of depriving Levay of his right
to determine P.C.L.’s primary residence, we conditionally grant Levay’s petition and direct the trial
court to withdraw its order of June 28, 2005. Only if the trial court fails to comply will we issue the
writ.
 
Karen Angelini, Justice