IN THE SUPREME COURT OF TEXAS













IN THE SUPREME COURT OF TEXAS

 

════════════

No. 04-1040

════════════

 

In re Karen Mays-Hooper

 

 

════════════════════════════════════════════════════

On Petition for Writ of Mandamus

════════════════════════════════════════════════════

 

 

PER CURIAM

 

Justice
Willett did not participate in the decision.

 

 

In
Troxel v. Granville, 530 U.S. 57
(2000), the Supreme Court of the United States held unconstitutional a
Washington trial court’s order granting a boy’s grandparents
visitation rights over the objection of his mother. Because the trial
court’s order here is indistinguishable, it must meet the same fate.

The
subject of these proceedings is a son born to Karen Mays‑Hooper and her
husband Kelly Hooper in 1997. The couple divorced in 2000, and Kelly died in
2003. After Kelly’s death, conflicts arose between Karen and her
mother-in-law, Linda Thornton, resulting in a suit by the latter for court‑ordered
access to the child. See Tex. Fam. Code ' 153.432.
The trial court rejected Karen’s claims that the statute was
unconstitutional and awarded her mother-in-law “possession” of the
child for one weekend a month, two weeks in the summer, four days during
Christmas vacation, and alternating Thanksgiving weekends, as well as access
through weekly telephone calls. A panel of the Second Court of Appeals voted
2-1 to deny relief, and the entire court voted 4-3 to deny the motion for
rehearing en banc. We reach the opposite conclusion.

The
facts in Troxel are in all relevant respects
the same as those here. In Troxel, the father
of two daughters died, and his parents sought court-ordered visitation over the
mother’s objection. The trial court ordered visitation one weekend per
month, one week during the summer, and four hours on each grandparent’s
birthday.

The
Supreme Court found the trial court’s order unconstitutional, although
none of the six opinions garnered a majority. A plurality of four justices
found the visitation statute in Troxel unconstitutional
as applied, pointing to three factors: (1) the child’s mother was not
unfit, (2) her decisions about grandparent access were given no deference, and
(3) she was willing to allow some visitation. Troxel,
530 U.S.
at 68-71. The plurality declined to say when a visitation statute would violate
the Due Process Clause facially, as “the constitutional protections in
this area are best ‘elaborated with care.’” Id. at 73
(quoting id. at 101 (Kennedy, J., dissenting)). Justice Souter concurred in the judgment, but would have held the
statute unconstitutional on its face. Id.
at 76-77. Justice Thomas concurred in the judgment, noting only that neither party challenged the Court’s substantive-due-process
jurisprudence, and that he would have applied a strict-scrutiny standard
of review. Id. at 80. Justices Stevens, Scalia,
and Kennedy each dissented in different opinions for different reasons. Id. at
80-102.

We
need not sort out all the opinions in Troxel;
because the facts here are virtually the same, the judgment must be the same
too. In this case (as in Troxel) there was no
evidence that the child’s mother was unfit, no evidence that the
boy’s health or emotional well-being would suffer if the court deferred
to her decisions, and no evidence that she intended to exclude Thornton’s
access completely.

Thornton attempts to
distinguish Troxel in two respects.
First, she points out that the Texas statute applies only to grandparents
related to a parent who has lost access (due to termination of rights, incompetency, incarceration, or death), and thus is not as
broad as the one in Troxel that allowed
“[a]ny person” at “any time”
to seek visitation. Id. at
60. But as the statute in Troxel was
unconstitutional as applied to the specific context of grandparents
related to a deceased father, it is hard to see why a statute limited to that
context would fare any better.

Thornton
also argues that the trial court “gave special weight to Karen’s
determinations for the child,” but points to nothing other than the trial
court’s careful attention to her testimony. Karen articulated several
reasons for not wanting to turn her son over to her mother-in-law (differences
about church attendance, what to say about Kelly’s death, and alleged
inattention by her mother-in-law), which the trial court apparently rejected
without stating any reason. “[S]o long as a parent adequately
cares for his or her children (i.e., is fit), there will normally be no
reason for the State to inject itself into the private realm of the family. . .
.” Id. at 68. The trial court did not indicate any reason
why that rule should not be followed here.

As
the statute at issue here has since been amended,[1] we decline the parties’ invitation
to analyze the repealed statute more extensively. As the parties agree mandamus
relief is appropriate if the trial court’s temporary orders were a clear
abuse of discretion, we grant it. See Little v. Daggett, 858 S.W.2d 368, 369 (Tex.
1993).

Without hearing oral argument, Tex. R. App. P. 52.8(c), we conditionally
grant mandamus relief and direct the trial court to vacate its order of
September 21, 2004 granting grandparent possession. We are confident that the
trial court will promptly comply, and our writ will issue only if it does not.

 

OPINION
DELIVERED: April 7, 2006

 

 

 

 














[1] Act of May 27, 2005, 79th Leg., R.S., ch. 484, 2005 Tex. Gen. Laws 1345.