# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-12-00353-CV

### In re Holly Pacharzina and Jennifer A. Milch

## ORIGINAL PROCEEDING FROM TRAVIS COUNTY

## M E M O R A N D U M   O P I N I O N

Relators Holly Pacharzina and Jennifer A. Milch filed a petition for writ of mandamus seeking relief from the district court's May 15, 2012 temporary orders in cause number D-1-AG-07-000852, *In the Interest of R.A.P. and A.J.P. See* Tex. R. App. P. 52.1, 52.10(a). For the reason set forth below, we will conditionally grant the writ in part.

This proceeding arose after real party in interest Elliot Will, the father of R.A.P. and A.J.P., the children affected by this case, filed a motion to modify the district court's prior orders governing custody of the children. After a hearing on Will's motion to modify, at which there was evidence presented regarding the children's mother's substance-abuse problems and the children's situation generally, the district court issued its May 15, 2012 temporary orders, finding that the children's circumstances had materially and substantially changed, temporarily modifying various aspects of conservatorship, and transferring the case to Williamson County, Texas. Regarding conservatorship, the district court's temporary orders appointed Will temporary sole managing conservator with the right to designate primary residence, appointed relators as temporary possessory conservators, and appointed the children's mother as a temporary possessory conservator with

supervised possession.[1] The district court's temporary orders also included a detailed possession schedule and ordered drug testing of the children's mother. Finally, the temporary orders ordered that each "child's name . . . is changed on a permanent basis" by adding their father's surname, Will.

Relators filed a petition for writ of mandamus seeking to vacate the district court's May 15, 2012 temporary orders on the grounds that (1) there was no evidence of a material and substantial change in the circumstances of the children, (2) the temporary orders improperly changed the geographic restriction on the primary residence of the children, (3) the court improperly applied a parental presumption, and (4) the temporary orders improperly determined conservatorship matters that are reserved to a jury, including permanently changing the children's legal names. We granted relators' request for temporary relief by staying the district court's May 15, 2012 temporary orders pending consideration of their petition and requested a response from real party in interest Will, which we have since received.

We may issue a writ of mandamus to correct a trial court's "clear abuse of discretion" or violation of duty imposed by law where no "adequate" remedy by appeal exists. *See Walker v. Packer*, 827 S.W.2d 833, 839 (Tex. 1992). "A trial court has no 'discretion' in determining what the law is or applying the law to the facts. Thus, a clear failure by the trial court to analyze or apply the law correctly will constitute an abuse of discretion, and may result in appellate reversal by extraordinary writ." *Id.* at 840. Assuming a clear abuse of discretion in a temporary order in a suit affecting the parent-child relationship, mandamus may lie on the basis that there are no appellate

---

[1] The prior conservatorship orders had appointed each of these parties as joint managing conservators of the children.

remedies that are considered adequate. *See* Tex. Fam. Code Ann. § 105.001(e) ("Temporary orders rendered under this section are not subject to interlocutory appeal."); *Little v. Dagget*, 858 S.W.2d 368, 369 (Tex. 1993) (orig. proceeding) (holding that mandamus was appropriate remedy because temporary order granting visitation is not appealable).

As detailed above, the district court's May 15, 2012 temporary orders include provisions that permanently change the children's names. A district court does not have the authority under the family code to issue a *temporary* order that effects a *permanent* name change. *See* Tex. Fam. Code Ann. §§ 105.001, 156.006 (West 2008). As such, the district court's order was an abuse of discretion. *See Walker*, 827 S.W.2d at 840. Accordingly, we conditionally grant relators' petition for writ of mandamus in part and direct the district court to vacate the name-change provisions in its May 15, 2012 temporary orders. The writ will issue only if the district court fails to take appropriate action in accordance with this opinion.

We deny relators' petition for writ of mandamus as to the remainder of the district court's May 15, 2012 order. We likewise lift our stay as to all portions of the order other than the name-change provision.

_____

Bob Pemberton, Justice

Before Chief Justice Jones, Justices Pemberton and Rose

Filed: June 14, 2012

3