NO. 07-12-00511-CV

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL A

DECEMBER 13, 2012

IN RE BOBBY WAYNE SMITH, RELATOR

Before CAMPBELL and HANCOCK and PIRTLE, JJ.

**CONCURRING OPINION**

The Court's opinion reaches the right conclusion, and I concur in the judgment denying relator Bobby Wayne Smith's petition for mandamus relief. I fear, however, that the Court's opinion makes the case appear more difficult than it is.

Relator's petition contends that mandamus relief is the appropriate means to challenge temporary orders in family law cases because such orders are not appealable. In support, relator cites cases including *Little v. Daggett*, 858 S.W.2d 368 (Tex. 1993) (orig. proceeding) and *Dancy v. Daggett*, 815 S.W.2d 548 (Tex. 1991) (orig. proceeding). Relator's petition seems premised on the idea that the unavailability of an interlocutory appeal of a temporary order obviates his need to meet the second requirement for mandamus relief, the showing that there is no adequate remedy by appeal. *Cf. In re Small,* 286 S.W.3d 525, 530 (Tex.App.--Houston [14th Dist.] 2009) (orig. proceeding) (noting if challenged order is void for want of jurisdiction relator is not required to establish lack of adequate remedy by appeal).

Our supreme court addressed the availability of mandamus to challenge a temporary order in *In re Derzapf*, 219 S.W.3d 327 (Tex. 2007) (orig. proceeding). There, the father of children sought mandamus relief from a temporary order granting access to a grandmother and step-grandfather of the children. After concluding the trial court abused its discretion by ordering access, the supreme court considered whether the father had an adequate remedy by appeal. *Id.* at 334. En route to its conclusion the father had no adequate remedy by appeal and thus was entitled to mandamus relief, the supreme court cited the *Daggett* cases on which relator relies. If relator's premise were correct, and temporary orders were automatically challengeable by mandamus because they cannot be immediately appealed, the supreme court would simply have said so and its analysis would have stopped at that point. The court did not stop with noting the unavailability of interlocutory appeal, however, but found the divestment of a fit parent of possession of his children violated principles recognized in *Troxel v. Granville*,[1] and was "irremediable," making mandamus relief appropriate. 219 S.W.3d at 335.

From *Derzapf*, it is clear that a litigant seeking mandamus relief from a temporary order still must demonstrate that there is no adequate remedy by appeal, under the analysis set out in *In re Prudential Ins. Co. of Am.,* 148 S.W.3d 124, 136 (Tex. 2004) (orig. proceeding). Relator in this case has not undertaken that analysis. From the record provided us, it appears the substantive issue the parties joined by their competing motions to modify their 2010 divorce decree dealt with the application of the domicile restriction "within 100 miles of Gray County, Texas" to relator's residence in

---

[1] *See Troxel v. Granville,* 530 U.S. 57, 65-66, 68, 120 S.Ct. 2054, 147 L.Ed.2d 49 (2000) (plurality opinion).

2

Plainview. That issue was resolved by the trial court's order, and relator seeks our review of the trial court's resolution of it by mandamus. But relator has given us no reason to conclude review of the trial court's decision could not as well be undertaken by appeal of a final judgment. Relator does not assert, for instance, that he is in danger of permanently losing a substantial right if review of that issue by this court is delayed until appeal of a final judgment. *See Derzapf*, 219 S.W.3d at 335; *In re Lewis,* 357 S.W.3d 396, 402-403 (Tex.App.--Fort Worth 2011, orig. proceeding) (both providing analysis of need for mandamus review rather than appeal).

For this reason, I agree relator has not shown he has no adequate remedy by appeal, and agree it is thus not necessary to reach the question whether the trial court's resolution of the 100-mile issue was an abuse of discretion. I concur in the judgment denying relator's petition for mandamus.


James T. Campbell
Justice


3