

**NUMBER 13-19-00187-CV**

**COURT OF APPEALS**

**THIRTEENTH DISTRICT OF TEXAS**

**CORPUS CHRISTI - EDINBURG**

**IN RE NADASHA THOMAS**

**On Petition for Writ of Mandamus.**

# MEMORANDUM OPINION

**Before Chief Justice Contreras and Justices Longoria and Perkes
Memorandum Opinion by Justice Longoria[1]**

Relator Nadasha Thomas filed a petition for writ of mandamus in the above cause on April 16, 2019. Through this original proceeding, relator contends that the trial court abused its discretion in (1) conducting a hearing on the real party in interest Y'Kuiam Lavar Denson's request for temporary orders, (2) entering temporary orders that changed the managing conservator who has the exclusive right to designate the minor child's

---

[1] *See* TEX. R. APP. P. 52.8(d) ("When granting relief, the court must hand down an opinion as in any other case," but when "denying relief, the court may hand down an opinion but is not required to do so."); *id. R.* 47.4 (distinguishing opinions and memorandum opinions).

residence and imposed a geographic restriction, and (3) holding relator in contempt for violating a void order. She requested that we grant mandamus relief and direct the trial court to issue a written ruling to vacate the temporary orders issued on September 6, 2018 and the March 26, 2019 order compelling relator to deliver the child to Denson and finding her in contempt. This Court requested and received a response to the petition for writ of mandamus from Denson which includes an additional temporary order subsequently rendered by the trial court on April 30, 2019.

Mandamus is an extraordinary remedy issued at the discretion of the court. *In re Garza*, 544 S.W.3d 836, 840 (Tex. 2018) (orig. proceeding) (per curiam). To obtain relief by writ of mandamus, a relator must establish that an underlying order is void or a clear abuse of discretion and that no adequate appellate remedy exists. *In re Nationwide Ins. Co. of Am.*, 494 S.W.3d 708, 712 (Tex. 2016) (orig. proceeding); *In re Prudential Ins. Co. of Am.*, 148 S.W.3d 124, 135–36 (Tex. 2004) (orig. proceeding); *Walker v. Packer*, 827 S.W.2d 833, 839–40 (Tex. 1992) (orig. proceeding). A trial court abuses its discretion when it fails to analyze or apply the law correctly or apply the law correctly to the facts. *In re Nationwide*, 494 S.W.3d at 712; *In re H.E.B. Grocery Co.*, 492 S.W.3d 300, 302 (Tex. 2016) (orig. proceeding) (per curiam). We determine the adequacy of an appellate remedy by balancing the benefits of mandamus review against the detriments. *In re Essex Ins. Co.*, 450 S.W.3d 524, 528 (Tex. 2014) (orig. proceeding); *In re Prudential Ins. Co. of Am.*, 148 S.W.3d at 136. Because there is no remedy by appeal, temporary orders may be reviewed by mandamus. *See In re Derzapf*, 219 S.W.3d 327, 334 (Tex. 2007) (orig. proceeding) (per curiam); *Geary v. Peavy*, 878 S.W.2d 602, 603 (Tex. 1994) (orig.

2

proceeding); *Little v. Daggett*, 858 S.W.2d 368, 369 (Tex. 1993) (orig. proceeding); *see also* TEX. FAM. CODE ANN. § 105.001 (West, Westlaw through 2017 1st C.S.).

The Court, having examined and fully considered the petition for writ of mandamus, the response, the record, and the applicable law, is of the opinion that the relator has not met her burden to obtain mandamus relief. Accordingly, we lift the stay previously imposed in this case. *See* TEX. R. APP. P. 52.10(b) ("Unless vacated or modified, an order granting temporary relief is effective until the case is finally decided."). We deny the petition for writ of mandamus. *See* TEX. R. APP. P. 52.8(a).

NORA L. LONGORIA
Justice

Delivered and filed the
3rd day of May, 2019.