

# NUMBER 13-19-00317-CV

## COURT OF APPEALS

## THIRTEENTH DISTRICT OF TEXAS

## CORPUS CHRISTI - EDINBURG

## IN RE THE MATTER OF THE MARRIAGE OF TANYA ANNE WALLACE AND DARRIAN L. WALLACE ET AL.

## On Petition for Writ of Mandamus.

# MEMORANDUM OPINION

### Before Chief Justice Contreras and Justices Benavides and Longoria
### Memorandum Opinion by Justice Benavides[1]

Relator Darrian L. Wallace filed a petition for writ of mandamus in the above cause on June 20, 2019. The underlying proceeding arises from a suit affecting the parent-child relationship and an order regarding grandparent possession and access to minor children. Relator seeks to compel the trial court to vacate an interim temporary order signed on September 18, 2018 and to grant relator's petition for writ of habeas corpus. Relator seeks emergency relief to stay the trial court's September 18, 2018 order.

---

[1] *See* TEX. R. APP. P. 52.8(d) ("When granting relief, the court must hand down an opinion as in any other case," but when "denying relief, the court may hand down an opinion but is not required to do so."); *id. R.* 47.4 (distinguishing opinions and memorandum opinions).

Mandamus is an extraordinary remedy issued at the discretion of the court. *In re Garza*, 544 S.W.3d 836, 840 (Tex. 2018) (orig. proceeding) (per curiam). "[E]ven though mandamus is not an equitable remedy, equitable principles largely govern its issuance." *In re Dawson*, 550 S.W.3d 625, 631 (Tex. 2018) (orig. proceeding) (per curiam); *see In re Int'l Profit Assocs., Inc.*, 274 S.W.3d 672, 676 (Tex. 2009) (orig. proceeding) (per curiam); *Rivercenter Assocs. v. Rivera*, 858 S.W.2d 366, 367 (Tex. 1993) (orig. proceeding).

To obtain relief by writ of mandamus, a relator must establish that an underlying order is void or a clear abuse of discretion and that no adequate appellate remedy exists. *In re Nationwide Ins. Co. of Am.*, 494 S.W.3d 708, 712 (Tex. 2016) (orig. proceeding); *In re Prudential Ins. Co. of Am.*, 148 S.W.3d 124, 135–36 (Tex. 2004) (orig. proceeding); *Walker v. Packer*, 827 S.W.2d 833, 839–40 (Tex. 1992) (orig. proceeding). Because there is no remedy by appeal, temporary orders may be reviewed by mandamus. *See In re Derzapf*, 219 S.W.3d 327, 334 (Tex. 2007) (orig. proceeding) (per curiam); *Geary v. Peavy*, 878 S.W.2d 602, 603 (Tex. 1994) (orig. proceeding); *Little v. Daggett*, 858 S.W.2d 368, 369 (Tex. 1993) (orig. proceeding); *see also* TEX. FAM. CODE ANN. § 105.001.

The Court, having examined and fully considered the petition for writ of mandamus and the applicable law, is of the opinion that the relator has not met his burden to obtain mandamus relief. Accordingly, we deny the petition for writ of mandamus and the request for emergency relief. *See* TEX. R. APP. P. 52.8(a).

GINA M. BENAVIDES,
Justice

Delivered and filed the
21st day of June, 2019.