

# IN THE
# TENTH COURT OF APPEALS

_____

## No. 10-21-00039-CV

## IN RE KATHY CHESSER

_____

## Original Proceeding

## From the 378th District Court
## Ellis County, Texas
## Trial Court No. 77090D

_____

## MEMORANDUM OPINION

_____

Relator, Kathy Chesser, has filed a petition for writ of mandamus complaining of

the trial court's "Temporary Orders In Suit Affecting The Parent-Child Relationship."

Specifically, Kathy contends that the trial court abused its discretion by ordering her to

pay guideline child support when no testimony was given about her employment, other

financial obligations, or any additional factors to be considered under section 154.123 of

the Texas Family Code in the calculation of child support. *See* TEX. FAM. CODE ANN. §

154.123. We agree, and as such, we conditionally grant mandamus relief.

## I. BACKGROUND

Real party in interest, Robert Chesser, requested that the trial court enter temporary orders appointing him as joint managing conservator with the exclusive right to designate the primary residence of one of the couple's children, J.C.[1]  Robert further requested that the trial court terminate his child-support obligation and order Kathy to pay child support and for other relief.

The trial court conducted a hearing on Robert's requests and ultimately signed "Temporary Orders In Suit Affecting The Parent-Child Relationship."  Among other things, the trial court ordered Kathy to pay $314.10 in monthly child support to Robert.

Kathy challenges the trial court's order by her petition for writ of mandamus in this Court.  We requested responses from Robert and the respondent trial court judge. We did not receive any responses.

## II. STANDARD OF REVIEW

A writ of mandamus will issue only to compel the performance of a ministerial act or duty, or to correct a clear abuse of discretion for which the relator lacks an adequate remedy by appeal.  *See Walker v. Packer*, 827 S.W.3d 833, 839-40 (Tex. 1992).  A trial court clearly abuses its discretion if it reaches a decision so arbitrary and unreasonable as to amount to a clear and prejudicial error of law, or if it clearly fails to analyze the law

---

[1] At the time of the hearing, J.C. was thirteen years and nine months old.

correctly or apply the law correctly to the facts. *In re Cerberus Capital Mgmt., L.P.*, 164 S.W.3d 379, 382 (Tex. 2005) (orig. proceeding) (per curiam).

A trial court may enter temporary orders—including orders for the temporary support of the child—and such temporary orders are not subject to interlocutory appeal. *See* TEX. FAM. CODE ANN. § 105.001(a), (e). Thus, a challenge to temporary orders in a suit affecting the parent-child relationship is allowed through mandamus, as there is no adequate remedy by appeal. *See Little v. Daggett*, 858 S.W.2d 368, 369 (Tex. 1993) (orig. proceeding); *see also In re Ostrofsky*, 112 S.W.3d 925, 928 (Tex. App.—Houston [14th Dist.] 2003, orig. proceeding).

## III.    DISCUSSION

Kathy argues that the trial court abused its discretion by ordering her to pay guideline child support because there was no evidence of her available resources and that if such evidence had been presented, she would have met that evidence with evidence of other factors allowed by section 154.123 of the Texas Family Code.[2] We agree.

In making temporary orders, the trial court may provide for temporary support "for the safety and welfare of the child." TEX. FAM. CODE ANN. § 105.001. In determining whether to order child support, the trial court should calculate a parent's net resources as set out in the Texas Family Code. *See id.* §§ 154.061, .062, .069, .123, .125. In the instant case, there was no evidence presented that Kathy has any net resources from which she

---

[2] The record indicated that "Relator is also guardian of an adult disabled child . . . ."

can pay child support.[3]  Accordingly, we conclude that the trial court abused its discretion by ordering Kathy to pay guideline child support in the amount of $314.10 per month in the absence of any evidence of Kathy's net resources.  *See In re Marriage of Butts*, 444 S.W.3d 147, 154 (Tex. App.—Houston [14th Dist.] 2014, no pet.) ("We therefore hold that the trial court abused its discretion in ordering Rickey to pay $800 per month in child support in the absence of any evidence of Rickey's net resources . . . ."); *In re Bromberg*, No. 03-13-00778-CV, 2014 Tex. App. LEXIS 324, at *6 (Tex. App.—Austin Jan. 14, 2014, orig. proceeding) (mem. op.) (holding that the trial court erred in ordering relator to pay child support when there was no evidence of her net resources).  As such, we sustain Kathy's sole issue in her petition for writ of mandamus.

## IV.   CONCLUSION

Because we have sustained Kathy's issue related to the $314.10 monthly child-support obligation, we are confident that the trial court will vacate the provision ordering

---

[3] In a memorandum order issued by the trial court a couple of months prior to the signing of the complained-of temporary orders, the trial court ordered that Kathy pay guideline child support effective November 1, 2020, and ordered Kathy to provide her last three paycheck stubs to Robert by October 15, 2020.  However, nowhere in the record before this Court is there a calculation of Kathy's net resources to determine the appropriate level of child support.  Moreover, at the hearing, Robert did not introduce even the last three paycheck stubs provided to him by Kathy.

We also recognize that section 154.068(a) of the Texas Family Code provides that:  "In the absence of evidence of a party's resources, as defined by Section 154.062(b), the court shall presume that the party has income equal to the federal minimum wage for a 40-hour week to which the support guidelines may be applied."  TEX. FAM. CODE ANN. § 154.068(a).  However, even if the trial court considered the $7.25 federal minimum wage in effect at the time the complained-of order was signed, the assessment of $314.10 in child support does not appear to be correct, notwithstanding the absence of evidence of net resources or any net-resource calculations and/or adjustments in the record.  *See id.* § 154.125(b).

Kathy to pay Robert $314.10 per month as a child-support.  The writ will issue only if the

trial court does not act in accordance with this opinion.


TOM GRAY
Chief Justice


Before Chief Justice Gray,
        Justice Johnson,
        and Senior Justice Davis[4]
Conditionally granted
Opinion delivered and filed June 9, 2021
[OT06]



---

[4] The Honorable Rex Davis, Senior Justice of the Tenth Court of Appeals, sitting by assignment of the Chief Justice of the Texas Supreme Court.  *See* TEX. GOV'T CODE ANN. §§ 74.003, 75.002, 75.003.