**In The**

*Court of Appeals*

*Ninth District of Texas at Beaumont*

_____

**NO. 09-21-00118-CV**
_____


**IN RE CODY NEIL TAYLOR**

_____

**Original Proceeding**
**317th District Court of Jefferson County, Texas**
**Trial Cause No. C-223,529-C**
_____

**MEMORANDUM OPINION**

In a petition for a writ of mandamus, Cody Neil Taylor, Relator, argues that in a suit for modification of the parent-child relationship the trial court abused its discretion by temporarily ordering no contact between Relator and his child pending the completion of a court-ordered custody evaluation. Because we conclude Taylor has not shown that he is entitled to mandamus relief, we deny the petition.

Generally, because no immediate appeal may be taken from temporary orders in a suit affecting the parent-child relationship, mandamus is an appropriate remedy if a trial court abuses its discretion in temporary visitation orders. *See Little v.*

1

*Daggett*, 858 S.W.2d 368, 369 (Tex. 1993) (orig. proceeding). We must defer to the trial court's factual determinations that are supported by the record, but we may correct a trial court's failure to correctly analyze or apply the law. *In re C.J.C.*, 603 S.W.3d 804, 811 (Tex. 2020) (orig. proceeding).

An order that denies possession of a child to a parent "may not exceed those that are required to protect the best interest of the child." Tex. Fam. Code Ann. § 153.193. Taylor claims the testimony of the child's mother and stepfather in a hearing held on February 12, 2021, failed to establish that Taylor engaged in extreme conduct that could justify a no-contact order. According to Taylor, any concerns about his behavior could have been addressed by lesser restrictions, such as family therapy or supervised visitation, and by enjoining Taylor from recording the child or disparaging other family members in the child's presence. The Real Party in Interest, Heather Rose Tice, contends that the trial court had already imposed restrictions on Taylor's visitation following a temporary hearing held one year earlier. Tice argues the trial court properly considered the expert testimony from the February 2020 hearing in addition to the witnesses' descriptions of the child's extreme anxiety following her recent visits with her father, and she contends the record supports the findings of the trial court in the temporary orders.

We must defer to the trial court's factual determinations that are supported by the record, and we find support in the record for the trial court's findings. We also

note that the trial court will reconsider the temporary orders when the court-appointed expert completes the custody evaluation.

After examining and fully considering the petition for writ of mandamus, the response filed by the Real Party in Interest, and the applicable law, we conclude that Relator has not shown himself entitled to mandamus relief. Accordingly, we deny the petition for writ of mandamus. *See* Tex. R. App. P. 52.8(a).

PETITION DENIED.

PER CURIAM

Submitted on June 10, 2021
Opinion Delivered July 15, 2021

Before Golemon, C.J., Kreger and Johnson, JJ.