### In re: LIBERTY MUTUAL INSURANCE COMPANY.

No. 06–00–00083–CV.

Court of Appeals of Texas, Texarkana.

Submitted Aug. 2, 2000.

Decided Aug. 3, 2000.

Don Swaim, Kern and Wooley LLP, Irving, for Relators.

Bill Peek, Judge, Texarkana, for Respondent.

David P. Cotten, George L. McWilliams, Patton, Haltom, Roberts, Texarkana, for Real Party in Interest.

Before CORNELIUS, C.J., GRANT and ROSS, JJ.

## O P I N I O N

Opinion by Justice ROSS.

Relator, Liberty Mutual Insurance Company, brings this mandamus action complaining about the trial court's denial of its plea to jurisdiction. Liberty Mutual contends that, under the full faith and credit clause of the United States Constitution, the trial court is without subject matter jurisdiction to hear the present case because the Superior Court for the State of California, City and County of San Francisco, has entered an order asserting exclusive jurisdiction over the case. After carefully reviewing the matter, we hold that mandamus is inappropriate and deny the petition.

In the underlying cause of action, Mark V Products, Inc. sought a declaratory judgment, declaring that Liberty Mutual had a duty to defend Mark V in a separate federal court lawsuit.[1] Mark V alleged that Liberty Mutual had a duty to provide a defense because it had expressly agreed to provide reinsurance for a liability insurance policy which insured Mark V and which had been issued by Golden Eagle Insurance Company. Mark V pointed out that the policy in question had a reinsurance endorsement in which Liberty Mutual agreed to assume direct liability to Mark V in the event Golden Eagle was declared insolvent and placed in liquidation.

Liberty Mutual filed a motion objecting to the trial court's subject matter jurisdiction to hear the declaratory judgment action. Liberty Mutual contended that Golden Eagle was placed into conservation pursuant to the California Insurance Code, and that, as part of the rehabilitation plan, the San Francisco Superior Court assumed exclusive jurisdiction over all causes of action arising from the denial of a claim on a Golden Eagle insurance policy. Moreover, Liberty Mutual contended that the San Francisco court issued an injunction prohibiting all persons from instituting or maintaining any action against Golden Eagle and from doing any act interfering with the conduct of the conservator. As such, Liberty Mutual argued that the full faith and credit clause of the United States Constitution required the Texas courts to dismiss this cause of action for lack of subject matter jurisdiction.

After holding a hearing on the matter, the trial court found that it had subject matter jurisdiction to hear the case and denied Liberty Mutual's motion to dismiss. Liberty Mutual subsequently filed a petition for writ of mandamus and a motion to stay the trial court proceedings. In its motion before this Court, Liberty Mutual contends that it is entitled to mandamus relief because the trial court abused its discretion by refusing to dismiss the case for lack of subject matter jurisdiction.

Mandamus is "an extraordinary remedy, available only in limited circumstances." *Walker v. Packer*, 827 S.W.2d 833, 840 (Tex.1992). A writ of mandamus will issue only if (1) it is necessary to correct a clear abuse of discretion or the violation of a duty imposed by law, and (2) there is no other adequate remedy by law, such as an appeal. *Johnson v. Fourth Court of Appeals*, 700 S.W.2d 916, 917 (Tex.1985). In considering the second prong of the aforementioned test, we are

---

1. Mark V originally brought the declaratory judgment action against Golden Eagle Insurance Company, Golden Eagle Insurance Corporation, and Liberty Mutual. However, because Mark V nonsuited the Golden Eagle entities, Liberty Mutual is the only remaining defendant in this cause of action.

bound by the holding of the Texas Supreme Court in *Bell Helicopter Textron, Inc. v. Walker:*

> We have consistently held that we lack jurisdiction to issue writs of mandamus to supervise or correct incidental rulings of a trial judge when there is an adequate remedy by appeal. "Such incidental rulings include ... pleas to the jurisdiction, ... [even if] it might logically be argued that the petitioner for the writ was entitled, as a matter of law, to the action sought to be compelled."

*Bell Helicopter Textron, Inc. v. Walker,* 787 S.W.2d 954, 955 (Tex.1990), *quoting Abor v. Black,* 695 S.W.2d 564, 566–67 (Tex.1985). Further, a mere showing that an appeal will involve more expense or delay than mandamus does not make an appeal an inadequate remedy. *Canadian Helicopters Ltd. v. Wittig,* 876 S.W.2d 304, 306 (Tex.1994).

▮ Thus, appeal is generally an adequate remedy for errors in subject matter jurisdiction, but mandamus may be justified in extraordinary circumstances. *In re Bay Area Citizens Against Lawsuit Abuse,* 982 S.W.2d 371, 375 (Tex.1998); *see Little v. Daggett,* 858 S.W.2d 368 (Tex. 1993). For example, an appeal would be inadequate and mandamus may be appropriate when parties are in danger of permanently losing substantial rights. *Wittig,* 876 S.W.2d at 306. Also, mandamus may be appropriate to settle a conflict as to jurisdiction when courts are directly interfering with each other by issuing conflicting orders or injunctions. *See Hall v. Lawlis,* 907 S.W.2d 493, 494 (Tex.1995).

▮ In the present case, Liberty Mutual contends that mandamus is appropriate because allowing this suit to go forward will potentially harm other similarly situated claimants and an appeal would be inadequate to remedy any such harm. Relying on *Bard v. Charles R. Myers Ins. Agency, Inc.,* 839 S.W.2d 791, 795 (Tex.1992), Liberty Mutual argues that "[t]he Texas Supreme Court has recognized the benefit, if not the practical necessity, of requiring that all claims against an insurance company in receivership be adjudicated in the receivership proceeding to ensure the fair and consistent treatment of all claims."[2]

This argument is misdirected. We agree that, when an insurance company is in receivership, it is important to require claimants to assert their claims against the company in the receivership proceeding so as to ensure the fair and consistent treatment of all claims. And, when such a requirement is in effect, claimants who properly assert their claims against a company in a receivership proceeding may be in danger of losing substantial rights if the company is forced to spend its receivership assets to defend other claims in an improper court. Although any judgment by the improper court may be remedied on appeal, the receivership assets may be depleted in defending and appealing the case. Thus, arguably, appeal may be inadequate and mandamus may be appropriate when a claim is brought in a nonreceivership proceeding against a company that is in receivership. However, such circumstances are not present in this case. Mark V's suit is against Liberty Mutual. Liberty Mutual has not been placed in conservation/receivership, only Golden Eagle has. Moreover, Mark V's suit against Liberty Mutual is attempting to recover for direct liability on a contract; it is not attempting to hold Liberty Mutual liable for the contractual responsibilities of Golden Eagle.[3] There-

---

**2.** There is no mention by Liberty Mutual that Golden Eagle has been placed in receivership. Therefore, we assume Liberty Mutual is arguing that the Texas Supreme Court's analysis concerning receiverships applies equally to companies placed in conservation.

**3.** In its reply brief, Liberty Mutual acknowledges that this suit involves a claim of direct liability on a contract. However, Liberty Mutual argues that it cannot be held directly liable on the contract because the conditions precedent which are stated in the contract have not been met—i.e., Golden Eagle has not been (1) declared insolvent, (2) placed in liquidation, or (3) unable to pay its losses arising under the policy. This argument goes to the

fore, proceeding forward with this case will not place Golden Eagle's claimants in danger of losing their rights in the conservation property.

 Liberty Mutual further contends that there is a conflict of jurisdiction which justifies mandamus relief. Liberty Mutual points out that the San Francisco court issued the following injunction:

> All persons are enjoined from instituting, prosecuting, or maintaining any action at law or suit in equity, including but not limited to matters in arbitration, *against Golden Eagle and Mesa Re, or the Conservator,* and from attaching, executing foreclosure upon, redeeming of, or taking any other legal proceedings *against any of the property of Golden Eagle and Mesa Re,* and from doing any act *interfering with the conduct of said business by the Conservator,* except after an order from this Court obtained after reasonable notice to the Conservator.

(emphasis added). Then, in its final order approving the rehabilitation plan, the San Francisco court ordered the following, in relevant part:

> This Court shall retain jurisdiction of this action to supervise the implementation of the Rehabilitation Plan, to resolve disputes in the manner provided for in the Rehabilitation Plan, to adjudicate all third party claims, to make any orders or findings necessary to implement this Order or the Rehabilitation Plan, or the administration of the Liquidating Trust, once such Trust is imposed upon the then-extant assets of [Golden Eagle].
>
> . . . .
>
> Issues arising from proofs of claim filed in accordance with the Rehabilitation Plan shall be adjudicated by this Court

through an order to show cause proceeding.... No judgment taken in any court other than this Court shall be accorded effect or priority to modify policyholders' and creditors' rights under the Rehabilitation Plan. No policyholder ... may seek any payment from the assets of [Golden Eagle] in Liquidation based on a judgment or order obtained in violation of these claims procedures.

Moreover, the San Francisco court ordered that all notices to claimants include the following statement:

> The OSC [i.e. the Order to Show Cause Proceeding in the San Francisco court] remedy is claimant's exclusive judicial remedy and claimant is prohibited and enjoined from initiating, maintaining, and/or prosecuting a lawsuit or other legal action arising from the rejection *of a Golden Eagle claim* against the Commissioner, Golden Eagle, the Trust, GEICorp, Liberty Mutual and/or its affiliates.

(emphasis added). Liberty Mutual argues that the San Francisco court's orders demonstrate that it was attempting to retain exclusive jurisdiction over claims against Liberty Mutual such as the one asserted in the present case.

We disagree. The orders are clearly intended to protect the conservation proceedings of Golden Eagle and the property which is subject to those proceedings. And, the case at hand in no way affects the conservation proceeding or the conservation property. This is a suit against Liberty Mutual for its direct liability on a contract. This suit is *not* an attempt to hold Liberty Mutual liable for the rejection of a Golden Eagle claim. As such, the San Francisco court's orders do not interfere with the case at hand.[4] There is no con-

---

merits of the case, an issue which is not before this Court at this time.

**4.** Liberty Mutual relies heavily on the fact that it was mentioned by name in the above court orders and throughout the conservation proceeding. This is easily explained by the fact

that, pursuant to the rehabilitation plan, Liberty Mutual and/or its affiliates acquired Golden Eagle. With this in mind, it appears that the San Francisco court intended to retain jurisdiction over any derivative claims

flict of jurisdiction so as to justify relief by mandamus.

Because Liberty Mutual has failed to show that it lacks an adequate remedy by appeal, we need not address whether the trial court abused its discretion in denying the plea to jurisdiction. The petition for writ of mandamus is denied. The request to stay the proceedings, having been overruled in a separate order, is moot.

that were asserted against Liberty Mutual due solely to its acquisition of Golden Eagle.