In
The

                                                Court
of Appeals

                        Sixth
Appellate District of Texas at Texarkana

 

                                                ______________________________

 

                                                             No.
06-11-00045-CV

                                                ______________________________

 

 

 

                                                                        IN
RE:

PATRICIA
J. SHERER

 

 

                                                                                                  


 

                                                                                                                            


                                                     Original
Mandamus Proceeding

 

                                                                                                  


 

 

 

 

                                          Before
Morriss, C.J., Carter and Moseley, JJ.

                                              Memorandum
Opinion by Justice Carter

                                                                              

                                                                              








                                                      MEMORANDUM
OPINION

 

            Realtor Patricia J. Sherer was married
to J. Ray Sherer (Ray), who passed away on September 18, 1999.  The couple had executed a revocable living
trust called the “J. Ray Sherer and Patricia J. Sherer Trust” in 1994, funded
with real and personal property valued at $700,000.00.  The trust provided that “[a]t the death of
the grantors,” the remaining property would be distributed to certain named
contingent beneficiaries, including his son, James Ray Sherer, and daughter,
Gloria Jean Robertson.  After Ray’s
passing, Patricia became the sole trustee under the trust and sought to revoke
and/or modify the trust.  Ray’s children,
James and Gloria, brought suit for declaratory judgment concerning the “the
parties’ rights and responsibilities under the terms of the” trust.  They complained that Patricia was selling the
“real estate holdings of the trust,” and sought to remove her as trustee.  Also, Ray’s mother, Bertha M. Sherer had
given her son “monies to hold for her benefit,” which was held in the trust by
Ray.  After Ray’s death, Patricia took
control of the funds, and James, under a power of attorney for the 102-year-old
Bertha, asked the court to declare Patricia a constructive trustee for Bertha’s
benefit, order a turn over for the funds, and make full accounting of all
transactions. 

            In 2005, the trial court entered a
final declaratory judgment holding that Patricia did not have the right to
revoke or amend the trust.  However, under
the judgment, she was entitled to make reasonable distributions to herself as
the primary beneficiary of the trust.  At
that time, the trial court found that Patricia “should not be removed as the
Trustee,” but provided that James and Gloria be “entitled to a complete and
full accounting from” Patricia “regarding the Trust’s assets and activities,”
which was to occur “on or before December 1, 2005,” and “for each subsequent
year.”  The judgment provided that James
and Gloria could make written objections to the accounting and that the
accounting would be submitted to the trial court for review, correction, and/or
approval if the objections could not be resolved after notice and opportunity
to cure.  With respect to Bertha’s funds,
the court ordered Patricia to make a full accounting before December 1, 2005,
of the trust assets that belonged to Bertha, imposed a constructive trust, and
upon approval of the accounting, ordered a turnover of the funds.  

            Patricia failed to make the
accounting ordered by the trial court, and a motion for sanctions and removal
of Patricia as trustee was filed.  The
trial court set the matter for hearing and found Patricia in contempt.  However, instead of removing Patricia as
trustee, the court ordered her to make the required accountings by February 24,
2006.  In October 2010, James and Gloria
filed a motion to enforce the declaratory judgment and a petition to remove
Patricia as constructive trustee for the monies held for Bertha.  The motion alleged that Patricia failed to
make the required accountings and failed to turn over funds belonging to
Bertha, who had died intestate.  

            Patricia filed a motion to dismiss
the motion to enforce and petition to remove her as trustee of funds held for
Bertha.  The motion alleged that the
trial court was without jurisdiction to hear the matter because it did not have
plenary power to make modifications to the declaratory judgment entered five
years earlier.  Patricia also alleged
that the new allegations were barred by res judicata and collateral
estoppel.  The trial court denied her
motion to dismiss, and now, Patricia has filed a petition for writ of mandamus
seeking that we order Judge Laurine Blake, Judge of the 336th Judicial District
Court of Fannin County, to grant her motion to dismiss the motion and petition
to remove her as trustee.    

            Mandamus is “an extraordinary
remedy, available only in limited circumstances,” which issues only to correct
a clear abuse of discretion or violation of a duty imposed by law when no other
adequate remedy by law is available.  Walker v. Packer, 827 S.W.2d 833, 840 (Tex. 1992); In re Ford Motor Co., 988 S.W.2d 714, 721 (Tex. 1998).  A writ of mandamus will issue only if (1) it
is necessary to correct a clear abuse of discretion or the violation of a duty
imposed by law, and (2) there is no other adequate remedy by law, such as an
appeal.  CSR Ltd. v. Link, 925 S.W.2d 591, 596 (Tex. 1996).

            Patricia argues that the trial court
clearly abused its discretion in failing to grant her motion to dismiss
addressing issues of plenary power, res judicata and collateral estoppel
because it involved the court’s jurisdiction to hear the dispute.  “However, Texas courts have long recognized
that res judicata and collateral estoppel are affirmative defenses that
constitute pleas in bar, not pleas to the jurisdiction.”  PNS
Stores, Inc. v. Riveria, No. 04-09-00561-CV, 2010 WL 4336170, at *5 (Tex.
App.—San Antonio Nov. 3, 2010, pet. filed) (citing Tex. Hwy. Dep’t v. Jarrell, 418 S.W.2d 486, 488 (Tex. 1967)).  The record demonstrates that claims of res
judicata and collateral estoppel do not apply to the motion to enforce the
trial court’s judgment and to the new claim involving Patricia’s failure to
turn over funds belonging to Bertha.  

            In addition, Rule 308 of the Texas
Rules of Civil Procedure vests with the trial court explicit statutory
authority and inherent power to enforce its judgments.  Further, Section 37.001 of the Texas Civil
Practice and Remedies Code specifically provides, “Further relief based on a
declaratory judgment or decree may be granted whenever necessary or proper.  The application must be by petition to a court
having jurisdiction to grant the relief.”  Tex.
Civ. Prac. & Rem. Code Ann. § 37.011 (Vernon 2008).  In light of these rules, we conclude Patricia
has not shown a clear abuse of discretion or a violation of a duty imposed by
law on the part of the trial judge.  

            Even if Patricia had met the first
prerequisite for a writ of mandamus, we would not grant mandamus because she
would have an adequate remedy by appeal. 
In re Barnett Gathering, L.P.,
No. 11-09-00351-CV, 2010 WL 747683, at *1 (Tex. App.—Eastland Mar. 5, 2010,
orig. proceeding [mand. denied]). 
“Absent extraordinary circumstances not present here, a denial of a
motion to dismiss . . . is a ruling incident to the ordinary trial process
which will not be corrected by mandamus, but by the legal remedy of the
ordinary appellate process.”  Hooks v. Fourth Court of Appeals, 808 S.W.2d
56, 59 (Tex. 1991) (citing Abor v. Black,
695 S.W.2d 564, 566–67 (Tex. 1985)) (“This court has consistently held that it
lacks jurisdiction to issue writs of mandamus to supervise or correct
incidental rulings of a trial judge when there is an adequate remedy by
appeal.  Such incidental rulings include:
 (1) pleas to the jurisdiction . . . and
a myriad of interlocutory orders and judgments . . . [even if] it might
logically be argued that the petitioner for the writ was entitled, as a matter
of law, to the action sought to be compelled.”).  

            Appeal is generally an adequate
remedy for errors in subject-matter jurisdiction, but mandamus may be justified
in extraordinary circumstances.  In re Bay Area Citizens Against Lawsuit
Abuse, 982 S.W.2d 371, 375 (Tex. 1998); see
Little v. Daggett, 858 S.W.2d 368 (Tex. 1993).  For example, an appeal would be inadequate and
mandamus may be appropriate when parties are in danger of permanently losing
substantial rights.  In re Liberty Mut. Ins. Co., 24 S.W.3d 637, 639 (Tex. App.­­­­­­­­—­Texarkana
2000, orig. proceeding) (citing Canadian
Helicopters Ltd. v.Wittig, 876 S.W.2d 304, 306 (Tex. 1994)); see also In re Team Rocket, L.P., 256
S.W.3d 257, 262 (Tex. 2008).  Patricia
has not alleged that any party is in danger of permanently losing substantial
rights and does not otherwise brief the issue of why remedy by appeal would be
inadequate.  

            Accordingly, we deny the petition
for writ of mandamus.  

                                                                        

 

 

                                                                                                Jack Carter

                                                                                                Justice

 

Date
Submitted:          May 26, 2011  

Date
Decided:             May 27, 2011