

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

_____

No. 06-11-00045-CV

_____

IN RE:
PATRICIA J. SHERER

Original Mandamus Proceeding

Before Morriss, C.J., Carter and Moseley, JJ.
Memorandum Opinion by Justice Carter

MEMORANDUM OPINION

Realtor Patricia J. Sherer was married to J. Ray Sherer (Ray), who passed away on September 18, 1999. The couple had executed a revocable living trust called the "J. Ray Sherer and Patricia J. Sherer Trust" in 1994, funded with real and personal property valued at $700,000.00. The trust provided that "[a]t the death of the grantors," the remaining property would be distributed to certain named contingent beneficiaries, including his son, James Ray Sherer, and daughter, Gloria Jean Robertson. After Ray's passing, Patricia became the sole trustee under the trust and sought to revoke and/or modify the trust. Ray's children, James and Gloria, brought suit for declaratory judgment concerning the "the parties' rights and responsibilities under the terms of the" trust. They complained that Patricia was selling the "real estate holdings of the trust," and sought to remove her as trustee. Also, Ray's mother, Bertha M. Sherer had given her son "monies to hold for her benefit," which was held in the trust by Ray. After Ray's death, Patricia took control of the funds, and James, under a power of attorney for the 102-year-old Bertha, asked the court to declare Patricia a constructive trustee for Bertha's benefit, order a turn over for the funds, and make full accounting of all transactions.

In 2005, the trial court entered a final declaratory judgment holding that Patricia did not have the right to revoke or amend the trust. However, under the judgment, she was entitled to make reasonable distributions to herself as the primary beneficiary of the trust. At that time, the trial court found that Patricia "should not be removed as the Trustee," but provided that James and

2

Gloria be "entitled to a complete and full accounting from" Patricia "regarding the Trust's assets and activities," which was to occur "on or before December 1, 2005," and "for each subsequent year." The judgment provided that James and Gloria could make written objections to the accounting and that the accounting would be submitted to the trial court for review, correction, and/or approval if the objections could not be resolved after notice and opportunity to cure. With respect to Bertha's funds, the court ordered Patricia to make a full accounting before December 1, 2005, of the trust assets that belonged to Bertha, imposed a constructive trust, and upon approval of the accounting, ordered a turnover of the funds.

Patricia failed to make the accounting ordered by the trial court, and a motion for sanctions and removal of Patricia as trustee was filed. The trial court set the matter for hearing and found Patricia in contempt. However, instead of removing Patricia as trustee, the court ordered her to make the required accountings by February 24, 2006. In October 2010, James and Gloria filed a motion to enforce the declaratory judgment and a petition to remove Patricia as constructive trustee for the monies held for Bertha. The motion alleged that Patricia failed to make the required accountings and failed to turn over funds belonging to Bertha, who had died intestate.

Patricia filed a motion to dismiss the motion to enforce and petition to remove her as trustee of funds held for Bertha. The motion alleged that the trial court was without jurisdiction to hear the matter because it did not have plenary power to make modifications to the declaratory judgment entered five years earlier. Patricia also alleged that the new allegations were barred by

3

res judicata and collateral estoppel. The trial court denied her motion to dismiss, and now, Patricia has filed a petition for writ of mandamus seeking that we order Judge Laurine Blake, Judge of the 336th Judicial District Court of Fannin County, to grant her motion to dismiss the motion and petition to remove her as trustee.

Mandamus is "an extraordinary remedy, available only in limited circumstances," which issues only to correct a clear abuse of discretion or violation of a duty imposed by law when no other adequate remedy by law is available. *Walker v. Packer*, 827 S.W.2d 833, 840 (Tex. 1992); *In re Ford Motor Co*., 988 S.W.2d 714, 721 (Tex. 1998). A writ of mandamus will issue only if (1) it is necessary to correct a clear abuse of discretion or the violation of a duty imposed by law, and (2) there is no other adequate remedy by law, such as an appeal. *CSR Ltd. v. Link*, 925 S.W.2d 591, 596 (Tex. 1996).

Patricia argues that the trial court clearly abused its discretion in failing to grant her motion to dismiss addressing issues of plenary power, res judicata and collateral estoppel because it involved the court's jurisdiction to hear the dispute. "However, Texas courts have long recognized that res judicata and collateral estoppel are affirmative defenses that constitute pleas in bar, not pleas to the jurisdiction." *PNS Stores, Inc. v. Riveria*, No. 04-09-00561-CV, 2010 WL 4336170, at *5 (Tex. App.—San Antonio Nov. 3, 2010, pet. filed) (citing *Tex. Hwy. Dep't v. Jarrell*, 418 S.W.2d 486, 488 (Tex. 1967)). The record demonstrates that claims of res judicata and collateral estoppel do not apply to the motion to enforce the trial court's judgment and to the

4

new claim involving Patricia's failure to turn over funds belonging to Bertha.

In addition, Rule 308 of the Texas Rules of Civil Procedure vests with the trial court explicit statutory authority and inherent power to enforce its judgments. Further, Section 37.001 of the Texas Civil Practice and Remedies Code specifically provides, "Further relief based on a declaratory judgment or decree may be granted whenever necessary or proper. The application must be by petition to a court having jurisdiction to grant the relief." TEX. CIV. PRAC. & REM. CODE ANN. § 37.011 (Vernon 2008). In light of these rules, we conclude Patricia has not shown a clear abuse of discretion or a violation of a duty imposed by law on the part of the trial judge.

Even if Patricia had met the first prerequisite for a writ of mandamus, we would not grant mandamus because she would have an adequate remedy by appeal. *In re Barnett Gathering, L.P.*, No. 11-09-00351-CV, 2010 WL 747683, at *1 (Tex. App.—Eastland Mar. 5, 2010, orig. proceeding [mand. denied]). "Absent extraordinary circumstances not present here, a denial of a motion to dismiss . . . is a ruling incident to the ordinary trial process which will not be corrected by mandamus, but by the legal remedy of the ordinary appellate process." *Hooks v. Fourth Court of Appeals*, 808 S.W.2d 56, 59 (Tex. 1991) (citing *Abor v. Black*, 695 S.W.2d 564, 566–67 (Tex. 1985)) ("This court has consistently held that it lacks jurisdiction to issue writs of mandamus to supervise or correct incidental rulings of a trial judge when there is an adequate remedy by appeal. Such incidental rulings include: (1) pleas to the jurisdiction . . . and a myriad of interlocutory orders and judgments . . . [even if] it might logically be argued that the petitioner for the writ was

5

entitled, as a matter of law, to the action sought to be compelled.").

Appeal is generally an adequate remedy for errors in subject-matter jurisdiction, but mandamus may be justified in extraordinary circumstances. *In re Bay Area Citizens Against Lawsuit Abuse*, 982 S.W.2d 371, 375 (Tex. 1998); *see Little v. Daggett*, 858 S.W.2d 368 (Tex. 1993). For example, an appeal would be inadequate and mandamus may be appropriate when parties are in danger of permanently losing substantial rights. *In re Liberty Mut. Ins. Co.*, 24 S.W.3d 637, 639 (Tex. App.—Texarkana 2000, orig. proceeding) (citing *Canadian Helicopters Ltd. v.Wittig*, 876 S.W.2d 304, 306 (Tex. 1994)); *see also In re Team Rocket, L.P.*, 256 S.W.3d 257, 262 (Tex. 2008). Patricia has not alleged that any party is in danger of permanently losing substantial rights and does not otherwise brief the issue of why remedy by appeal would be inadequate.

Accordingly, we deny the petition for writ of mandamus.


                                                    Jack Carter
                                                    Justice


Date Submitted:        May 26, 2011
Date Decided:          May 27, 2011

6